[No. 13342. Department One. — May 28, 1891.]

CHARLES HORN, RESPONDENT, v. W. A. HAMIL-
TON, APPELLANT.

MONEY HAD AND RECEIVED — COLLECTION OF NOTE BY ATTORNEY —
NEGLIGENCE — VARIANCE IN PROOF — TRIAL BY CONSENT — WAIVER
OF OBJECTION — BENEFIT OF DEFENSE. — Where the complaint is for
money had and received by the defendant for the plaintiff, upon the
theory that as defendant had, as plaintiff's attorney, surrendered a note
intrusted to him for collection, to be canceled as paid, he might be
charged as for a collection, and the answer denies the collection, and
pleads plaintiff's consent to the surrender of the note, if the case is tried
and submitted as though the issue were whether the defendant had
failed to collect the note through negligence, the defendant cannot, upon
appeal, object that the trial was not in accordance with the issue ten-
dered by the complaint, he having had the full benefit of the defense
that the debt could not have been collected.

PLEADING — SUFFICIENCY OF COMPLAINT — VARIANCE — OBJECTION CURED
BY VERDICT. — Objections to the sufficiency of a complaint to support
the proof cannot be made after a verdict is rendered upon the trial of the
case, if the complaint is sufficient to support the judgment.

APPEAL from a judgment of the Superior Court of Del
Norte County.

The facts are stated in the opinion.

*L. F. Cooper*, and *Sawyer & Burnett*, for Appellant.

The case made in the proofs was one for failure to
collect or to take proper security; in other words, for
negligence. Since the complaint makes one case and
the proof another, the plaintiff must fail. (*Green* v.
*Covillaud*, 10 Cal. 331; 70 Am. Dec. 725; *McCord* v.
*Seale*, 56 Cal. 262; *Murdock* v. *Clarke*, 59 Cal. 693; *Mon-
dran* v. *Goux*, 51 Cal. 153; *Burke* v. *Levy*, 68 Cal. 32.)

*Lucas & Miller*, for Respondent.

The appellant has not been misled, but sets up his
defense fully in his answer, and met the issues upon the
trial without objection as to the variance between the
proof and the allegations of the pleadings, and failed to

urge the defect in the trial court in any manner recognized by the law or practice, and therefore cannot now urge that the *allegata* and *probata* do not agree. (*Eversdon* v. *Mayhew*, 85 Cal. 8; Code Civ. Proc., secs. 469, 470.)

Temple, C. — Appeal from judgment and order denying defendant's motion for a new trial.

Action to recover money alleged to have been collected on a note by defendant as plaintiff's attorney. It is charged that the defendant received from the debtor payment and satisfaction in full, both principal and interest, and thereupon canceled and surrendered the note to the maker; that defendant has failed and refused to pay to plaintiff the amount recovered, or any part thereof, "and now refuses to pay the same, or any part thereof, and now wrongfully withholds the same from plaintiff."

The defendant admits receiving the note, but denies receiving it as plaintiff's attorney, and avers that plaintiff and defendant were both creditors of one White, and consulted in regard to the prospect of collecting their debts, and that defendant, with the full consent of plaintiff, finally agreed with White to surrender all the notes held by himself and plaintiff to White in consideration of the assignment to them of White's interest in a certain contract, to which White was a party; that the contract was assigned to defendant with plaintiff's knowledge and consent in pursuance of this agreement, defendant agreeing to hold it for himself and plaintiff in proportion to the amount of their respective claims.

He denies that he has collected any money whatever upon the note, and avers an offer to assign to plaintiff the contract transferred to him by White, and his readiness still to so assign it. He also avers that at the time of the transfer White had no other property except a dairy farm, which was mortgaged for more than it was worth, and some personal property, which was then

under attachment; that plaintiff and defendant, then consulting as creditors of White, and not as attorney and client, agreed to take the assignment in payment of their indebtedness, and in pursuance of this understanding plaintiff delivered the note in question to defendant, and not otherwise.

The action was tried by a jury, who returned a verdict for plaintiff.

The plaintiff testified, in effect, that he gave the note to defendant as an attorney to collect or obtain security; that he pointed out to defendant sufficient property from which the money might have been made, and that White offered to secure the debt by a second mortgage on his ranch, and that there was ample margin for that purpose, as defendant knew; that he understood that the contract was assigned as security, and not in payment, and afterwards discovered that his note had been surrendered and canceled.

The evidence is abundantly sufficient to sustain a verdict against the defendant, if it can be held to be consistent with the allegations of the complaint. The complaint is for money had and received, on the theory that as defendant had surrendered the note to be canceled as paid, he may be charged as for a collection. On the trial, both parties, as well as the court, appear to have tried the case as though the issue were whether defendant had failed to collect through negligence.

That the defendant so regarded the issue is conclusively established by the instructions he asked for, as well as by the evidence he offered. That the court so understood it is shown by the instructions given of its own motion. If the plaintiff recovered, the amount would be the same in either form of action.

The main difference would be, that in an action for damages the defendant would have had the benefit of a defense that the debt could not have been collected. As a matter of fact he had the benefit of such defense. The

instruction of the court was to the effect that the jury should find for the defendant, unless they found that he had failed to collect or to get good security, when he could have collected or obtained security, and thereby plaintiff had lost his debt.

This instruction was more favorable to defendant than he was entitled to have. If, having no authority to accept in payment anything but money, he took, in his own name, property in full payment, and discharged the debt, the client was at liberty to regard it as a collection.

Here he was allowed to prove that it was all he could get, or that the debt could not have been collected.

The trial was not in accordance with the issue tendered in the complaint, but there was no objection made at the trial, and the case was in all respects tried as though the pleadings covered the matters actually in contest. The defendant has evidently sustained no injury.

The objections to the sufficiency of the complaint cannot be made after verdict; undoubtedly it is good enough to support the judgment.

We think the judgment should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.