[S. F. No. 100.    Department Two.—July 20, 1896.]

## J. MILTON PAINTER, APPELLANT, *v.* THEODORE P. PAINTER ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE—LAPSE OF TIME—REN-DITION OF JUDGMENT.—Where an appeal from the judgment is taken more than sixty days after rendition of the judgment, which takes place, within the meaning of section 939 of the Code of Civil Procedure, when the findings are filed, and judgment is ordered, the evidence cannot be reviewed upon such appeal; and, where the judgment is not entered in time to allow an appeal therefrom to be taken within sixty days from its rendition, the evidence can be reviewed only upon motion for a new trial.

WILL—DEVISE OF PARTNERSHIP INTEREST—COMMUNITY PROPERTY—PRE-TERMITTED HEIR — AFTER-BORN CHILD. — A will devising all of the partnership interest of the testator in firm property, exclusive of real estate, to his copartners, the interest of the testator in the partnership being community property, does not carry the wife's interest therein, neither does it carry the interest therein inherited by an after-born child of the testator, who is pretermitted from the will, not having been provided for nor mentioned therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Edward J. Pringle*, for Appellant.

The court erred in holding that the widow took half of the community property as survivor, and half of the remainder under the will, and that she was entitled to one-half of so much of the testator's interest in the firm as was community property. (*Morrison* v. *Bowman*, 29 Cal. 349; *In re Stewart*, 74 Cal. 101; *Estate of Gilmore*, 81 Cal. 240; *Estate of Smith*, 108 Cal. 115.) The evidence was insufficient to justify the findings. The evidence may be reviewed, as judgment was not entered until 1894, nor was any order for judgment entered in the minutes. (*McLaughlin* v. *Doherty*, 54 Cal. 519; *Broder* v. *Conklin*, 98 Cal. 361.) The intent was to include Eugene Painter in the codicil, and he is there provided for. (Civ. Code, sec. 1306.)

*Fox, Kellogg & Gray*, for Respondents Dallam and others.

The evidence cannot be considered, as the appeal was not taken within sixty days from the rendition of judgment. (Code Civ. Proc., sec. 939; *Gray* v. *Palmer*, 28 Cal. 416; *McLaughlin* v. *Dougherty*, 54 Cal. 519; *Estate of Cork*, 77 Cal. 220; 11 Am. St. Rep. 267; *Schurtz* v. *Romer*, 81 Cal. 247; *Crim* v. *Kessing*, 89 Cal. 487, 488; 23 Am. St. Rep. 491; *Secord* v. *Quigley*, 106 Cal. 149; *Thompson* v. *White*, 76 Cal. 382.) Appellant's first point, *supra*, is clearly answered by the will itself, and by the authorities cited by appellant, and by *Estate of Frey*, 52 Cal. 660. The use of the words "my sons" does not show an intention to provide for an unborn child.

McFARLAND, J.—The deceased, Jerome B. Painter, was a brother of the plaintiff, and also of the defendant Theodore P. Painter. At the time of his death, in February, 1883, the deceased and the defendant Theodore P. Painter were copartners in a firm called "Painter & Co.," engaged in the business of manufacturing and selling printing presses, type, and other printers' materials. On March 11, 1864, the deceased made his will; and at that time plaintiff was also a copartner in said firm, but he afterward withdrew from the copartnership. The firm owned a large stock of machinery, type, materials, and fixtures necessary to carry on its business, and also some real property which was worth at the time of the death of the deceased about six thousand six hundred dollars. The first clause of the will is as follows: "1st. I give and bequeath to my brothers, J. Milton Painter and Theodore P. Painter, all my share, right, title and interest of, and in and to, the copartnership of Painter & Co., the stock thereof, its business, goodwill, and all interests, of whatever nature, connected with them as partners (except real estate), debts due us and moneys out at interest, for their own use and benefit, upon the express condition that they assume all debts standing against the concern, and pay

off that certain mortgage on property, S. W. cor. of Washington and Sansome streets"; and the only interests or rights of plaintiff which are involved in this action are those which belong to him as legatee under said first clause of said will. These embrace only his claim to his share of the personal assets of the copartnership. He has no proprietary interest in the real property of the firm, for he is not a partner; and by the will said real property is not devised. It appears that down to the time of the withdrawal of plaintiff from the firm the interest of the deceased in the copartnership was one-half, and the interest of each of the other two one-fourth; and it does not appear whether or not his interest was increased after said withdrawal.

The averments of the complaint necessary to be noticed are, in brief, these: It is averred that the deceased in his lifetime borrowed, from time to time, large sums of money from said firm and paid and agreed to pay interest thereon; and that at the time of his death, on account of such borrowed money and some other items of account, he was indebted to said firm in the sum of thirty-three thousand five hundred and thirty-four dollars and sixty-two cents. It is further averred that the share of the deceased in the personal assets of said firm are not sufficient to repay his said indebtedness; that the executors and executrix, or some of them, claim that the deceased was not indebted to said firm in any sum of money whatever; that the defendant Theodore P. Painter, as surviving partner, is engaged in liquidating the affairs of said copartnership, and claims that it is necessary for him to sell all of the stock on hand, machinery, type, materials, fixtures, general assets and goodwill of the business in order to repay the said amount due from the deceased to said firm and to settle the accounts of the deceased with the firm, and threatens so to do; and that if he be permitted to do so the legacy to plaintiff will be wholly defeated. It is further averred that plaintiff, as such legatee, is entitled to de-

mand that the real property of said firm should be first sold and the proceeds applied to the payment of the said alleged indebtedness of the deceased to said firm, and that after such application the said surviving partner should recover from said executors and executrix sufficient moneys to repay any unsatisfied balance of said indebtedness.

The defendant, Theodore P. Painter—executor and surviving partner — filed a short answer in which he substantially made default; but the other defendants, including the widow and children of the deceased, answered and denied all the material averments of the complaint. They specially deny that deceased at the time of his death owed said firm any borrowed money, or that he was indebted to said firm for any cause in any sum of money whatever; and they deny that the share of deceased in the personal property and assets of such firm, including large amounts due it upon bills receivable, is not sufficient to pay all partnership obligations.

The court found all the issues of fact in favor of defendants; and found particularly that the deceased was not indebted to said firm for borrowed money, or for any other cause, in any sum of money whatever. Judgment was rendered for defendants, and plaintiff appeals from the judgment.

The transcript includes a bill of exceptions which contains evidence introduced at the trial, and appellant contends that some of the findings are not sustained by the evidence; but he cannot be heard on these points because the appeal was not taken within sixty days after the rendition of the judgment. (Code Civ. Proc., sec. 939.) The cause was tried in 1887, and the findings of fact and conclusions of law were made and filed on December 3, 1887, and judgment ordered for defendants; although the judgment was not *entered* until October 18, 1894. The notice of appeal was not given until after the entry of the judgment, to wit, on November 19, 1894, which was nearly seven years after the filing of

the findings. The "rendition of the judgment," within the meaning of section 939, as has been frequently held by this court, took place when findings were filed and judgment ordered for defendants. (*Schurtz* v. *Romer*, 81 Cal. 244, and cases there cited; *Crim* v. *Kessing*, 89 Cal. 487, 488; 23 Am. St. Rep. 491.) Therefore, as the appeal was not taken within sixty days after the rendition of the judgment, we cannot consider the evidence. Under these circumstances the evidence could have been reviewed here only after a motion for a new trial. This makes it unnecessary to consider respondents' contention that there is no bill of exceptions here, because the proposed bill itself was not prepared and served within the time prescribed by section 650 of the Code of Civil Procedure.

Looking at the judgment-roll alone we see no good reason for reversing the judgment. The plaintiff is the sole appellant, and the findings and judgment are important here only so far as they affect him and his interests. In his complaint he asks, among other things, " that a construction be made by this court of the terms of the said will making the said bequest to the plaintiff and the said Theodore P. Painter." We assume for the purposes of this decision—without closely examining or determining the question—that appellant can, in this action, have the will construed so far as a construction thereof may determine the quantity of his interest as legatee in said partnership property. Now, upon this point the respondents aver that all the property in which the deceased had any ownership at the date of the will and at the time of his death was community property, and that he could not and did not bequeath or devise any more than his half interest in said community property; and that, therefore, the bequest of the said property to appellant and said Theodore did not carry the interest of the surviving wife, Caroline H. Painter, therein. It is also averred that the respondent, Eugene Painter, who is a son of the

deceased and said Caroline, was born subsequently to the execution of the will (and a certain codicil thereto), and is therefore entitled, as heir, to such share of his father's estate, including the said property bequeathed to appellant, as he would have been entitled if no will had been made. If the appellant can have the will construed in this action for the purpose above stated, then these two last-mentioned averments of respondents are pertinent to that matter; and the court found in favor of both of said averments and decreed accordingly. As to the second of these averments the court was certainly right, for Eugene, having been born after the execution of the will, and not having been provided for or mentioned therein, succeeds to the same portion of his father's estate "that he would have succeeded to if the testator had died intestate." (Civ. Code, sec. 1306.) The words in the codicil, "my sons," refer to his sons then living and who are *specially named and enumerated;* and they certainly do not include an afterborn child—whether a son or a daughter. Neither do we see how, upon the record before us, the conclusion of the court that the will disposed of only one-half of the community property can be successfully attacked. Here there is no evidence and there are no extrinsic facts to be considered. Of course, as a legal proposition, a husband *cannot*, as against the wife, dispose of more than one-half of the community property; and the cases where wills undertaking to do more have been upheld have been cases which turned upon the point that the widow was put to her election either to take under the will or to stand upon her rights as surviving wife and repudiate it. No such question arises in the case at bar.

We see no other question in the case which it is necessary to discuss.

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.