[L. A. No. 378. Department One.—September 22, 1898.]

F. W. WOOD et al., Appellants, v. ETIWANDA WATER COMPANY et al., Respondents.

APPEAL FROM JUDGMENT—LIMITATION OF TIME—REVIEW OF EVIDENCE.—The limitation of time for an appeal from a judgment does not begin to run until the entry of the judgment, and no valid appeal can be taken therefrom prior to its entry; yet the evidence cannot be reviewed, upon such an appeal, unless it is taken within sixty days after the rendition of the judgment, which consists of its announcement by the court and entry upon the minutes of the clerk, or of the filing of the findings and order for judgment.

ID.—UNREASONABLE STATUTE—MATTER FOR LEGISLATURE.—The fact that the law, without apparent reason, permits the successful party effectually to prevent a review of the facts upon an appeal from the judgment, by delaying its entry for sixty days after its rendition, is matter for the consideration of the legislature.

ID.—REVIEW OF FINDINGS—BILL OF EXCEPTIONS.—If the appeal from the judgment is not taken within sixty days after its rendition, the evidence contained in the bill of exceptions cannot be

looked at to explain or make clear the findings; but the findings must speak for themselves.

Water Rights—Appropriation—Railroad Lands—Statute of Limitations.—The statute of limitations in favor of an appropriator of water upon lands embraced in the grant by Congress to a railroad company began to run from the date of the grant, if the water was appropriated prior to the grant, and from the date of the appropriation, if made thereafter, and not from the date of the patent subsequently issued.

Id.—Public Lands of United States—Act of Congress.—An appropriation of water upon public lands belonging to the United States is vested in the appropriator by grant under the act of Congress of 1866 (U. S. Rev. Stats., secs. 2339, 2340); and as to lands thereafter acquired by others from the United States, the right of the appropriator rests upon the act of Congress, and not upon adverse possession under the statute of limitations, except as to new acts of the appropriator performed after the acquisition of the title.

Id.—State Lands—Civil Code.—The state cannot object to an appropriation of water made upon state lands by its permission, in pursuance of the Civil Code; nor can a subsequent purchaser of the lands from the state object thereto; and the statute of limitations can only have application to acts of the appropriator performed after the acquisition of the title of the state by such purchaser.

Id.—Change of Place of Diversion—New Diversion—Substitution of Flume for Ditch.—An objection that the place of diversion was changed so materially as to constitute a new diversion, by the construction of a flume which was used in lieu of an open ditch, cannot be sustained as a ground of reversal, if the court found that it was not a new or original division, and if evidence to the contrary cannot be considered upon appeal, and if it further appears that a new diversion lawfully made, as it might be, would not affect the defense of the statute of limitations.

Id.—Improper Use of Pipe Line—Reconstruction of Abandoned Flume—Pleading—Judgment Outside of Issues.—A judgment enjoining the use of a pipe line found to have been constructed by the defendant without right along the course of a flume, which was found to have been abandoned and disused, and for the most part destroyed, in so far as it permits the defendant to reconstruct and maintain the dam and flume, and adjudges its right to do so, without any reference in the pleadings to the reconstruction of the flume in any event, is outside of the issues, and must be reversed, with leave to both parties to amend or supplement the pleadings.

APPEAL from a judgment of the Superior Court of San Bernardino County.    W. B. Cope, Judge.

The facts are stated in the opinion.

J. S. Chapman, and Curtis & Curtis, for Appellants.

Goodcell & Leonard, and R. E. Houghton, for Respondents.

HAYNES, C.—Plaintiffs are the owners, as tenants in common, of several parcels of land described in the complaint, through which a stream known as East Canyon creek flowed in its natural course.

The Etiwanda Water Company is a corporation, and for convenience will be treated as the sole defendant, inasmuch as the court found and decreed that the other defendant had no interest in the litigation, and no question is made upon that part of the judgment.

In the year 1882 the defendant diverted water from said stream upon one of the parcels of land now owned by plaintiffs, but which was then public land of the United States, by means of a dam and flume, and conveyed it over other parcels of plaintiff's land and used it for irrigating purposes upon lands owned by the stockholders in the defendant corporation. Plaintiffs afterward diverted water from the same stream below defendant's dam, and used it for irrigating their lands. In June, 1892, the defendant removed the flume and laid a pipe line over plaintiff's lands, through which the water was conducted to defendant's stockholders. It was claimed by plaintiffs that the quantity of water diverted through the flume did not exceed fifty inches, leaving a large quantity for their use, and that the pipe line diverted the whole of it in the ordinary stages of water during the irrigating season; and the relief sought is that plaintiffs are entitled to have the waters of said stream flow undiminished in its natural channel, that defendant be adjudged to have no rights therein as against the plaintiffs, and no right to divert the water through the pipe line, and that it be enjoined perpetually from diverting the waters of said stream or any part thereof from flowing through the lands of plaintiffs, and from using said pipe line.

The foregoing will be sufficient to make the findings intelligible, while the findings will sufficiently disclose the line of defense, aided, if found necessary, by reference to the pleadings during the discussion of the questions presented for decision.

The findings are very long, and in some respects not entirely

clear, but in substance the court finds that plaintiffs are the owners as tenants in common of the lands described in the complaint, and the dates at which the government title was acquired; that plaintiffs have diverted below defendant's dam all the surplus water over and above the amount diverted and carried away from the stream by defendants; that the amount diverted and used by defendant and its grantors for more than twenty years before the commencement of the action was one hundred and twenty-five inches, measured under four-inch pressure; that the pipe line was constructed substantially upon the line of the flume, and without right, and diverted all the water, and thereby deprived the plaintiffs of the whole and every part of the water, but that "said defendant has not diverted the water of the East Canyon creek in excess of its right thereto"; that in the year 1882 the flume was constructed by the defendant, and the ditch was discontinued and has never since been used; that "in June, 1892, the pipe line was constructed and the flume abandoned, and ever since disused, and was for the most part destroyed; that a few feet of the old flume is still used immediately at the point of connection to divert the waters from the stream into the head of the pipe line, and by means of the said pipe line and the dam and portion of the flume aforesaid, no greater amount of water during the irrigating season is diverted from the said stream and carried off, than was formerly done by said flume"; that plaintiff's cause of action, so far as it relates to the said pipe line, is not barred by the statute of limitations, but so far as it relates to the right of the defendant to divert the waters of said stream to the extent above stated it is barred.

The judgment perpetually enjoins the water company from using the pipe line, adjudges that plaintiffs own and are entitled to divert all the water of said stream in excess of one hundred and twenty-five inches; and, as to the defendant, the judgment is as follows: "It is further ordered, adjudged, and decreed that the Etiwanda Water Company, one of the defendants herein, is the owner of the right to maintain the dam and flume described in the pleadings and referred to in the findings of fact filed herein, and to divert the waters of East Canyon creek thereby, to the extent of one hundred and twenty-five inches, measured under a four-inch pressure; said flume to be maintained

substantially upon and along the line on which said pipe line was constructed and in place of said pipe line; and said dam be maintained at the head of said flume." The appeal is from this part of the judgment.

The transcript contains a bill of exceptions setting out the evidence touching the date at which title to the several parcels of land owned by the plaintiffs was acquired from the government, the diversion of the water, and change of place of diversion, et cetera, as affecting respondent's right to maintain the flume and dam by which the judgment authorizes the water to be diverted.

There was no motion for a new trial, and this appeal is from the judgment, which was not entered until more than seven months after the findings were filed; and it is now contended by respondent that the evidence contained in the bill of exceptions cannot be looked to upon this appeal, inasmuch as the appeal was not taken within sixty days after the rendition of the judgment.

Under section 336 of the former practice act, the time for appeal ran from "the rendition of the judgment"; and the "rendition of the judgment is held to be its announcement by the court and entry upon the minutes of the clerk, or the filing of the findings and order for judgment." . (*Thomas v. Anderson*, 55 Cal. 45; *Schurtz v. Romer*, 81 Cal. 247; *Painter v. Painter*, 113 Cal. 371.)

Section 939 of the Code of Civil Procedure changed the time for appeal from the judgment so as to run from the entry of the judgment; and under this provision it is held that an appeal from a judgment will not lie until after the judgment is entered, and if taken before, will be dismissed. (*Lorenz v. Jacobs*, 53 Cal. 24; *McLaughlin v. Doherty*, 54 Cal. 519; *Home of Inebriates v. Kaplan*, 84 Cal. 488, and many other cases.) The same section (639) provides, however, as follows: "But an exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment"; and it is held that the word "rendition," as here used, must be given the same meaning that was given to it under the practice act, and that therefore the evidence could not be reviewed on appeal from the judgment, unless the appeal is

taken within sixty days after the findings are filed. (*Schurtz v. Romer, supra; Painter v. Painter, supra.*)

The result is, that a party in whose favor the judgment is "rendered" (by the filing of findings and order for judgment) may effectually prevent a review of the facts upon an appeal from the judgment by delaying its entry for sixty days. These rulings are not inconsistent, as might appear at first glance, but necessarily result from the construction given to the word "rendition" in the former practice act, and retaining that word in the code provision relating to the review of questions of fact, while changing it to "entry" in other appeals. The amendment of said section (Stats. 1897, p. 55) has not changed it in this respect. We see no reason for the distinction made by the statute, and commend it to the consideration of the legislature. Appellant suggests that the evidence contained in the bill of exceptions may be looked at to explain or make clear the findings; but we think the findings must speak for themselves.

Other questions are made, however, which must be considered.

1. Appellants contend that the findings show that their right to contest defendant's title to the waters of East Canyon creek is not barred by the provisions of sections 316, 318, and 319 of the Code of Civil Procedure, notwithstanding the express finding (No. 26) that it is so barred.

This contention is based upon another finding (No. 15) setting out their source of title to the different parcels of land owned by them, and the dates of the patents therefor issued by the state and the United States, some of which were issued within five years before the commencement of this action and before said pipe line was constructed, said lands being also riparian.

Some of these lands were embraced in the grant made by Congress to the Southern Pacific Railroad Company, and as to these the statute began to run from the date of the grant, if the water was appropriated before the grant was made, or from the date of the appropriation, if it were made afterward, and not from the date of the patent issued many years later. (*Jatunn v. Smith,* 95 Cal. 154.)

As to the lands owned by the plaintiffs which were not within the grant to the railroad, and which were public lands of the United States at the date of the appropriation under which de-

fendant claims the water, the act of Congress of 1866 (U. S. Rev. Stats., sec. 2339) operated as a grant by the United States of the water so appropriated and diverted, and of the right of way for ditches and canals by which the water is conveyed; and by the next section (2340): "All patents granted, or pre-emptions or homesteads allowed, shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by the preceding section"; so that as to plaintiff's lands acquired from the United States after the water now claimed by the defendant was appropriated, defendant's right rests upon the statute, and not upon adverse possession.

As to plaintiff's lands in section 16, which were acquired from the state of California, the answer admits that said stream, in its natural course, runs through them, and the court finds that two parcels in that section were granted by the state to plaintiffs' grantor on September 19, 1889, which was less than five years before the commencement of this action.

Said section 16 was granted to the state by the United States long before the act of 1866 was passed, granting to settlers upon the public domain the right of appropriating and diverting water, and hence the right of the state as a riparian proprietor was not affected by said act. It is also true that title by prescription or adverse possession cannot be acquired against the state unless it consents to become subject to some statute of limitation.

Whether there is such a statute need not be considered, inasmuch as the Civil Code (secs. 1410 *et seq.*) confers the right to acquire the use of water flowing in a river or stream, or down a canyon or ravine by appropriation, without any reservation protecting the riparian rights of the state attached to its lands then remaining unsold; so that, at least from the time the Civil Code took effect, a prior appropriator acquired a good right to the water, to the extent of the appropriation, as against a subsequent purchaser from the state of lands lying upon the stream below the point of diversion. (*Lux v. Haggin,* 69 Cal. 255, 374, 376.) As the state could not object to an appropriation made by its permission, it is obvious that a subsequent purchaser from the state could not, and hence the statute of limitations can only have

application to acts of the appropriator performed after plaintiff's title was acquired, whether from the state or from the United States.

2. Appellant's second point cannot be sustained. The court found that the flume was constructed in 1882, and used in lieu of an open ditch which had been used long before and until the construction of the flume, and was not a new or original diversion; while appellant contends that in 1882 the place of diversion was changed so materially as to constitute a new diversion.

But such change appears only from the bill of exceptions, and not from the findings, and therefore cannot be considered. Besides, if it were a new diversion lawfully made, as it might be, it would not affect the defense of the statute of limitations.

3. It is further contended by appellants that the flume having been voluntarily abandoned and destroyed by the defendant, and the court having perpetually enjoined the defendant from using the pipe line which it had without right substituted for the flume, the court erred in its conclusion of law and judgment that defendant has the right to maintain said dam and flume, "said flume to be maintained substantially upon and along the line upon which said pipe line was constructed, and in place of said pipe line."

It was found by the court that the pipe line was laid "substantially along the course of the old flume," that it was constructed against the wishes and without the consent of plaintiffs and without right, and that the defendant claims the right to maintain the dam and pipe line. The pleadings make no reference to the reconstruction of the flume in any event, while the answer alleges that defendant claims the right to maintain the dam and pipe line, and prays judgment that it has the right to do so.

Appellant contends that this judgment is outside of the issues, and, if sustained, concludes the parties upon a matter that was not litigated; that the destruction of the old flume and the construction of the pipe line was an abandonment of the flume, and now that the defendant is enjoined from using the pipe line it has no right to a judgment that it can go back upon the premises and reconstruct that which it had voluntarily destroyed. The finding upon this point is as follows:

"In the year 1882 the said flume was constructed, connecting with said stream, and the waters were diverted by means of the said dam and flume, and the old ditch was discontinued, and has never since been used; and subsequently, in June, 1892, the pipe line was constructed and the flume abandoned, and ever since disused, and was for the most part destroyed. A few feet of the old flume is still used immediately at the point of connection, to divert the water from the stream into the head of the pipe line."

In respondent's brief it is said: "The respondent, accepting the judgment as a whole, removed the pipe and restored the flume before the appeal was taken. Having no right to the pipe under the decree, its right to maintain the flume is of vital importance."

The fact that the "right to maintain the flume is of vital importance" would seem to be a cogent reason why it should not be determined unless it was litigated; nor do we see how it could be litigated unless the question as to that right was, in some sufficient way, presented by the pleadings. Was it so presented? It is argued by respondent that it is not alleged that the maintenance of the flume from 1882 to 1892 was without right, or that such right had been waived, or lost, or abandoned; that therefore there was nothing for respondent to deny as to the flume, and no right to be asserted. But the flume had been abandoned and destroyed, and the right of respondent to maintain and use the pipe line was assailed by the plaintiff and issue was joined thereon, the defendant alleging its right to maintain and use it. The plaintiff was not bound to anticipate that the defendant, if defeated as to its right to use the pipe line, would desire to restore or construct a flume, and deny a claim or right that had not been and might not be asserted. The defendant, by its failure to appeal, has acquiesced in the finding and judgment that the pipe line was constructed without right, and that it be perpetually enjoined from using it, a contingency that might have been anticipated by the defendant and the question made as to its right to construct a flume to take its place. Besides, it may well be questioned whether there is any finding that will support that part of the judgment appealed from. The court found that the flume had been used from 1882 to 1892, that it was then "abandoned" and destroyed, except a few feet next the dam, and un-

less it can be said as a conclusion of law that the flume having once existed, and having been voluntarily destroyed and abandoned, may be rebuilt, and the servitude upon plaintiff's lands be recreated or renewed at defendant's will, there would seem to be no basis for the judgment appealed from.

In *McGuire v. Brown*, 106 Cal. 660, 672, the plaintiff had a prior right to the water of a certain stream, and to convey it in a ditch across defendant's land. The plaintiff changed the point of diversion some distance up stream, and a new ditch was dug across defendant's land. This, it was held, he had no right to do. The question as to his right to use the old ditch upon being prohibited from using the new one did not appear to have been litigated. This court said:

"Whether he abandoned his property in the former ditch, and the right to lead water through the same, is a question which has not been argued here or apparently litigated below, and ought not to be now decided; but the parties should be allowed, if they so desire, to amend or supplement their pleadings, and to have determined in the trial court the issue just suggested and any other necessary to the adjustment of their relative rights."

In the case at bar, the question of defendant's right to reconstruct the flume has been argued in the briefs, but as the question was not raised upon the pleadings, and the judgment in that regard being outside of the issues, and apparently not litigated upon the trial, that part of the judgment appealed from should be reversed, with leave to both parties to amend or supplement the pleadings as they may be advised.

Searls, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion that portion of the judgment appealed from is reversed, with leave to both parties to amend or supplement the pleadings as they may be advised.          Harrison, J., Garoutte, J., Van Fleet, J.