[Civ. No. 952.   Second Appellate District.—May 4, 1911.]

# L. V. HOOVER, Respondent, v. A. LESTER, Appellant.

JUDGMENT—RENDITION UPON TRIAL BY COURT—FILING OF FINDINGS AND CONCLUSIONS.—Under sections 632 and 633 of the Code of Civil Procedure, where an action is tried by the court, its findings of fact and conclusions of law are the only papers in connection with the judgment that the trial court is required to sign and file; and the signing and filing thereof constitute the rendition of judgment by the court. There is no other judicial act required to be performed by the court to make the judgment effectual.

ID.—ENTRY OF JUDGMENT ESSENTIAL — MINISTERIAL ACT BY CLERK.— The making of the entry in the judgment-book of the substance of the judgment rendered by the court is an act purely ministerial in its nature, the performance of which devolves upon the clerk to enter the same in conformity to the decision of the court. This entry is essential to make the judgment effectual.

ID.—SUFFICIENCY OF ENTRY—STATEMENT OF DECISION BY COURT.—In determining the sufficiency of the entry by the clerk of the judgment of the court on the judgment-book, the question is whether the clerk has made a sufficient statement of what had been decided by the court. Where the clerk's entry therein sufficiently sets forth the substance of the court's judgment, gave the names of the plaintiff and defendant, and recited that the court had theretofore made and filed its findings of fact and conclusions of law, and stated the amount of money ordered to be recovered by plaintiff from defendant, the entry is sufficient.

ID.—SOURCE OF FORM OF ENTRY IMMATERIAL — SIGNATURE OF JUDGE HARMLESS.—It is immaterial from what source the clerk procured the form used in his entry in the judgment-book; nor does the fact that the signature of the judge appears therein add anything to the record, nor would the want of such signature detract from its sufficiency.

ACTION FOR UNPAID BALANCE FOR CROP OF LEMONS SOLD—PLEADING— DELIVERY NOT ALLEGED—DEFENSE OF NONDELIVERY—TRIAL OF IS- SUE—FINDING—OBJECTION UPON APPEAL.—In an action to recover an unpaid balance for a crop of lemons sold by plaintiff to defendant, although the complaint does not aver a delivery of the crop, yet where the answer pleads nonperformance of the contract in not delivering the crop of lemons contracted for, and the case was tried and determined upon that issue, and the court found that the whole crop sold was delivered to defendant, it must be presumed upon appeal in support of the finding that evidence was adduced upon that issue, and defendant cannot be heard to object upon

appeal for the first time that no issue as to delivery was presented by the complaint, and that it is insufficient in that respect.

ID.— DESCRIPTION OF CROP IN COMPLAINT AND FINDING — IMMATERIAL VARIANCE.—Where the complaint alleged that on a specified date "plaintiff sold his crop of lemons to defendant," and the court found that on said date "said plaintiff herein sold to said defendant a certain crop of lemons," does not show such a difference in descriptive terms as to warrant an inference that the crop sold might have been other than that delivered.

ID.—RECITAL OF LOCATION IN ANSWER DISREGARDED — ADMISSION OF COMPLAINT.—A mere recital in the answer as to the location of defendant's orchard, made by way of admission of the complaint, which is not responsive to anything alleged therein, and is not an affirmative averment, should be disregarded.

APPEAL from a judgment of the Superior Court of San Diego County.   W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Luce, Sloane & Luce, for Appellant.

Walker & Sparks, for Respondent.

JAMES, J.—The appeal in this case is taken by defendant from the judgment, and is presented on the judgment-roll alone.

Plaintiff sued to recover a balance of $317.01, alleged to be due and unpaid on account of the purchase price of a crop of lemons.   The judgment was for the amount prayed for. After trial, the court made and filed its findings of fact and conclusions of law.   Thereafter the clerk entered judgment in the following form:

"Now, on this 25th day of August, 1910, upon and in accordance with the findings of facts and conclusions of law heretofore made and filed by the court in the above-entitled and numbered action, it was considered, ordered and adjudged by the court that the plaintiff, L. V. Hoover, do have and recover of and from said defendant, A. Lester, the sum of $317.00 with interest amounting to $24.00, together with his cost herein taxed at $16.00.

"W. R. GUY,
"Judge of Superior Court."

One of the contentions made by appellant is that this entry of judgment is insufficient, and that it amounts only to a certificate of the clerk that the court did prior to the entry thereof make its findings. With this contention we do not agree. Section 632, Code of Civil Procedure, provides that, "upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision." By section 633, immediately following, it is provided: "In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly." The findings of fact and conclusions of law are the only papers in connection with a judgment that the trial judge is required to sign and file—the signing and filing of these documents constituting the rendering of judgment. There is no other judicial act required to be performed by the court to make the judgment effectual. The making of the entry in the judgment-book of the substance of the judgment is an act purely ministerial in its nature, the performance of which devolves upon the clerk. "If the trial has been had by the court, judgment must be entered by the clerk, in conformity to the decision of the court, immediately upon the filing of such decision. In no case is a judgment effectual for any purpose until so entered." (Code Civ. Proc., sec. 664; *Marshall* v. *Taylor,* 97 Cal. 422, [32 Pac. 515]; *Painter* v. *Painter,* 113 Cal. 375, [45 Pac. 689]; *First Nat. Bank of Fresno* v. *Dusy,* 110 Cal. 69, [42 Pac. 476]; *City and County of San Francisco* v. *Brown,* 153 Cal. 644, [96 Pac. 281]; *Crim* v. *Kessing,* 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac. 1074].) The question, then, to be determined is, whether the clerk, in performing the ministerial duty of entering the judgment of the court on the judgment-book, made a sufficient statement of what had been decided by the court. It makes no difference at all from what source that official procured the form which he used in his entry in the judgment-book; nor does the fact that the signature of the judge appeared on the entry add anything to the record, and neither would the want of such signature detract from its sufficiency. "With reference to the form of judgments, Mr. Black, in his work on the subject (section 115), states the rule as follows: 'It may, therefore, be stated as the modern rule that the form

of the judgment is not very material provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated.' In discussing the same subject, another law-writer says: 'That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal, if it show: 1st, the relief granted, and, 2d, that the grant was made by the court in whose records the entry is written.' (Freeman on Judgments, sec. 50.)'' (*Hentig* v. *Johnson*, 8 Cal. App. 221, [96 Pac. 390].) Here the court had rendered its judgment by signing and filing findings of fact and conclusions of law. The clerk's entry in the judgment-book sufficiently set forth the substance of that judgment. It gave the name of the plaintiff and the defendant, recited that the court had theretofore made its findings of fact and conclusions of law, and stated the amount of money ordered to be recovered by the plaintiff from the defendant.

Plaintiff in his complaint failed to aver a delivery of the lemon crop sold to defendant. That such an averment was essential to the statement of a cause of action seems to be admitted by respondent. However, defendant in his answer denied ''that said plaintiff has at any time carried out said contract or delivered to said defendant said crop of lemons so contracted for.'' The court found that the lemons had been delivered. By his answer the defendant treated the complaint as tendering to him an issue as to the delivery of the fruit. On this appeal with only the judgment-roll to look to, where the finding is that there was a delivery, it must be assumed in support of this finding that evidence was introduced on that question. Defendant cannot now be heard to object that the complaint was deficient in failing to allege a delivery of the lemons. His answer treated the issue as· having been properly made, evidence was heard on the subject, and the court made its finding in determination of that issue. It is too late, under such conditions, to object for the first time that the complaint fails to state a cause of action in the particular referred to. (*Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582, [63 Pac. 918]; *Horn* v. *Hamilton*, 89 Cal. 278, [26 Pac. 833]; *Riverside Water Co.* v. *Gage*, 108 Cal. 245, [41 Pac. 299].)

One more point is urged by appellant. He insists that the finding of fact is insufficient where the court finds "that on the fourteenth day of July, 1909, said plaintiff herein sold to said defendant a certain crop of lemons." The allegation of the complaint upon which this finding was made was in part as follows: "Plaintiff sold to said defendant his crop of lemons." It is the contention of appellant that as the identity of the lemons sold with those which were delivered was the main issue in the case, the finding of the court that the plaintiff sold a certain crop of lemons is not a finding that plaintiff sold "his" crop of lemons to defendant. The finding seems to be sufficient to identify the lemons as being the same as those described in the complaint. The mere use of the words "a certain crop of lemons," instead of the words employed in the complaint, to wit, "his crop of lemons," is not such a difference in descriptive terms as to warrant an inference being drawn that the crop sold might have been other than that delivered. In their closing brief counsel for appellant suggest on this point that the pleadings call for "his crop of lemons from his lemon orchard near Lakeside." This is hardly a correct statement of the issue. Plaintiff alleged merely that he sold "his crop of lemons"; defendant answered that allegation in the following form: "Admits that on or about the fourteenth day of July, 1909, said plaintiff sold to said defendant a certain crop of lemons from plaintiff's lemon orchard near Lakeside, in the county of San Diego." The phrase "from plaintiff's lemon orchard near Lakeside," included in the admission found in that paragraph of defendant's answer just referred to, was not an admission of anything that plaintiff had alleged, nor was it an affirmative allegation of any fact; it was a mere recital which should be disregarded.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.