[Civ. No. 475. Second Appellate District.—April 28, 1908.]

## F. G. HENTIG, Respondent, v. FRANCES E. JOHNSON et al., Defendants; GERMAN-AMERICAN SAVINGS BANK, a Corporation, Respondent; MARY WILLIAMS, Appellant.

MORTGAGE—SALE UNDER FORECLOSURE—SURPLUS PROCEEDS PAID OWNER OF RECORD TITLE—HALF INTEREST IN PLAINTIFF—RECOVERY OF HALF PROCEEDS.—It appearing that plaintiff was the owner of a half interest in a lot, the record title to the whole of which stood in the name of the defendant appealing, subject to a mortgage, and that plaintiff recovered judgment for conveyance of such half interest, and that, upon foreclosure of the mortgage, the whole surplus proceeds were paid to said defendant, the plaintiff is entitled to recover one-half of such surplus proceeds from said defendant.

ID.—PLAINTIFF MADE PARTY TO FORECLOSURE—CONFLICTING INTERESTS NOT ADJUDGED.—The fact that the plaintiff was made a party defendant to the foreclosure of the mortgage, under the general allegation that he claimed some interest in the premises which was subordinate to the lien of the mortgage, upon the foreclosure of which no conflict of interests between plaintiff and the defendant appealing was set up or adjudged, the decree of foreclosure is not *res adjudicata* against the right of the plaintiff to recover one-half of the proceeds of sale wholly paid to said defendant.

ID.—SINGLE CAUSE OF ACTION—MISJOINDER—SURPLUSAGE.—Where the cause of action stated is single, for the recovery of one-half of the proceeds of sale, the fact that a futile attempt is made to state another cause of action, which is mere surplusage, does not show a misjoinder of causes of action.

ID.—MISJOINDER OF PARTIES—APPELLANT NOT PREJUDICED.—Conceding that the ruling upon demurrer for misjoinder of parties defendant was erroneous, it was error which could not prejudice the rights of the defendant appealing from a judgment upon the merits.

ID.—FORM OF JUDGMENT—IRREGULARITY—SUBSTANCE THE TEST OF SUFFICIENCY.—An irregular form of judgment for the recovery of money, in departing from the usual expression "that plaintiff do have and recover," etc., and adopting the form by which the court "ordered, adjudged and decreed that the defendant Mary Williams, within ten days from this date, pay to plaintiff, F. G. Hentig," the sum stated, does not render the judgment interlocutory. It constitutes a "final determination of the rights of the parties," within the definition of a final judgment in section 577 of the Code

of Civil Procedure. In the absence of any particular form of judgment prescribed by the code, the test of the sufficiency of a judgment must be the substance rather than its form.

ID.—SURPLUSAGE IN JUDGMENT—RIGHT TO EXECUTION.—Tested by the ordinary rules applicable to final judgment, the judgment in question constitutes a final judgment for money to be enforced by writ of execution against the property of the defendant, and the words "within ten days from this date" perform no office, and on the face of the judgment are of no force or effect, and cannot prejudice the substantial rights of the appellant.

ID.—APPEAL—MODIFICATION OF JUDGMENT NOT REQUIRED.—It is not necessary to order a modification of the judgment upon appeal by striking therefrom words which are mere surplusage.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

E. C. Bower, for Appellant.

F. G. Hentig, for Plaintiff-Respondent.

Percy B. Lloyd, for German-American Savings Bank, Defendant-Respondent.

SHAW, J.—Plaintiff was the owner of an undivided one-half of a certain lot, the legal title to which stood in the name of Mary Williams, subject to a mortgage held by Frances E. Johnson. Williams refused to transfer to plaintiff his interest in said lot, whereupon he brought suit to compel conveyance thereof. Judgment was rendered in his favor, from which Williams appealed. Pending this appeal, Johnson brought suit to foreclose her mortgage, making plaintiff a party defendant therein. She obtained a decree of foreclosure, under which the lot was, on August 2, 1904, sold for a sum in excess of that required to satisfy her judgment, and which surplus was, in accordance with the decree, paid to Williams, the record owner of said lot. Later, the judgment in favor of plaintiff requiring Williams to convey to him an undivided one-half interest in the lot, and from which she had appealed, was affirmed. Upon her refusal to pay to him

any part of the surplus proceeds of the sale of said lot he brought this action against her, making Johnson and others party defendants therein. All of the defendants joined in a demurrer, which was overruled, and thereupon they filed separate answers. Judgment went in favor of all the defendants, except Mary Williams, against whom judgment was rendered in favor of plaintiff for one-half of said surplus money received by her under said decree of foreclosure, together with interest thereon from the date of its receipt. Her appeal is from this judgment.

1. In considering the demurrer interposed it is unnecessary to discuss the objections therein urged to the sufficiency of the complaint, save and except in so far as it forms a basis for recovery against appellant. If the ruling be correct as to her, the fact that it was erroneous as to the other defendants not complaining is immaterial as to appellant.

The complaint contains a mass of surplusage intermingled with a statement of facts, from which it appears that plaintiff was the owner of an undivided one-half of said lot subject to said mortgage; that the title thereto stood of record in the name of said Williams, who wrongfully refused to convey the same to him; that while thus holding the title a suit foreclosing the Johnson mortgage was instituted and the property sold under the decree rendered therein and the surplus arising from such sale, consisting of $759.95, was, on August 2, 1904, in accordance with the directions in said decree, paid to her; that she refused to pay any part thereof to plaintiff; and that she still retains the same. The prayer of the complaint is for general relief. By his complaint, in addition to the above facts, plaintiff undertakes to set up a conspiracy between appellant and her codefendants, whereby they sought to defraud plaintiff in depriving him of the title to said lot, and upon which he prays that Johnson and Williams be required to convey to him one-half of said lot. The allegations, however, fall far short of constituting a cause of action under which such relief could be granted, and as inserted in the complaint constitute mere surplusage.

The complaint shows that Hentig was made a party defendant in the foreclosure suit, by reason of which fact appellant contends that respondent was estopped from asserting claim to any part of the surplus proceeds derived from sale

under the decree of foreclosure. As the record discloses nothing to the contrary, we must assume that, as to Hentig, the issues involved were based upon the usual allegations contained in complaints for foreclosure of mortgages, to the effect that he, as defendant other than the mortgagor, claimed some interest in the mortgaged premises, which claim, however, was subordinate to the lien of the mortgage. No conflicting rights between Hentig and Williams as to the ownership of the property were injected into the action by such issue, and there is nothing in the record showing the issue involved in this suit to have been involved or tried in the action instituted by Johnson to foreclose her mortgage. Hence, the judgment of foreclosure was not *res adjudicata* as to Hentig's right to recover from appellant that portion of the surplus proceeds of the sale which she wrongfully withheld from him. (*Beronio* v. *Ventura Lumber Co.,* 129 Cal. 232, [79 Am. St. Rep. 118, 61 Pac. 958] ; *Murray* v. *Etchepare,* 129 Cal. 318, [61 Pac. 930].)

There was no misjoinder of causes of action, for the reason that only one cause of action was stated, namely: that to recover one-half of the surplus money received by appellant from the sale. The attempt to state another was wholly futile.

Conceding the ruling upon the demurrer for misjoinder of parties defendant to have been erroneous, it was nevertheless an error which could not prejudice the rights of appellant. (Code Civ. Proc., sec. 475; *Reynolds* v. *Lincoln,* 71 Cal. 184; [9 Pac. 176, 12 Pac. 449] ; Hayne on New Trial and Appeal, sec. 286.) We, therefore, conclude there was no prejudicial error in the ruling of the court upon the demurrer.

2. It is urged that the judgment is not justified by the findings, and this for the reason that, instead of adopting the expression ''that plaintiff do have and recover,'' etc., the court ''ordered, adjudged and decreed that the defendant Mary Williams, *within ten days from this date,* pay to the plaintiff F. G. Hentig the sum of,'' etc. Appellant contends that this is not a judgment, but merely an interlocutory order. We cannot agree with this contention. While it is irregular in form, it nevertheless, in substance, conforms to the definition of a judgment as contained in section 577, Code of Civil Procedure. It is a ''final determination of the rights of the par-

ties in the action.'' No good reason exists for departure from established and well-recognized forms, but in the absence of any particular form being prescribed by the code, the test of the sufficiency of a judgment must be the substance rather than its form.

With reference to the form of judgments, Mr. Black, in his work on the subject (section 115) states the rule as follows: ''It may, therefore, be stated as the modern rule that the form of the judgment is not very material, provided that in substance it shows distinctly and not inferentially that the matter had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated.'' In discussing the same subject, another law-writer says: ''That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal, if it show: 1st, the relief granted, and 2d, that the grant was made by the court in whose records the entry is written.'' (Freeman on Judgments, sec. 50.) Measured by the above rules, the document in question constitutes a final judgment for money to be enforced by the issuance of a writ of execution against the property of defendant, as provided by section 684, Code of Civil Procedure. As thus interpreted, it follows that the words, ''within ten days from this date,'' as here used, perform no office whatever. While their use is unwarranted, they are nevertheless, in our opinion, on the face of the judgment, of no force or effect. If this be true, the use of the words cannot prejudice the substantial rights of appellant, and it is therefore unnecessary to order a modification of the judgment by striking therefrom words which are mere surplusage.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 28, 1908.