[Civ. No. 5578.   Second Appellate District, Division One.—March
24, 1927.]

ETHEL WELCH, Respondent, v. HETTIE REESE, Appellant.

[1] JUDGMENTS—TEST OF SUFFICIENCY OF.—The form of a judgment is
of no consequence so long as it may be ascertained therefrom
what rights, if any, of the respective parties in the action have
been determined by the court; and the test of its sufficiency must
rest in its substance rather than in its form.

[2] ID.—JUDGMENT OF SUPERIOR COURT ON APPEAL FROM MUNICIPAL
COURT JUDGMENT—SUFFICIENCY OF—APPEAL.—A judgment by the
superior court in affirmance of a judgment rendered by the municipal court, which superior court judgment is as follows: "Whereupon it is ordered, adjudged and decreed by the court that
the . . . judgment made and entered by the municipal court . . .
in the above-entitled court be and the same are hereby affirmed,"
is sufficient in form and substance to authorize an appeal therefrom to the district court of appeal.

(1) 3 **C. J.**, p. 599, n. 17.   (2) 3 **C. J.**, p. 1257, n. 45.

APPLICATION for Writ of Supersedeas directed to
municipal court to prevent execution of judgment pending
appeal.   Writ granted.

The facts are stated in the opinion of the court.

S. C. Schaeffer for Appellant.

James, Pace, Smith & Younkin for Respondent.

THE COURT.—*Supersedeas.*   In this proceeding the facts
and the prayer of the petition are similar to those set
forth in the case of *Scott* v. *Larson, post,* p. 46 [255 Pac.
248].   The only additional point presented is that the judgment by the superior court in affirmance of the judgment
rendered by the municipal court is not such a judgment as
is within the meaning and intent of section 963 of the Code
of Civil Procedure, which provides for an appeal from a

---

1.   See 14 **Cal. Jur.** 942; 15 **R. C. L.** 592.

final judgment in the superior court entered in an action brought into the superior court from another court.

In the instant case that part of the judgment rendered by the superior court which is here material was as follows: ''Whereupon it is ordered, adjudged and decreed by the court that the . . . judgment made and entered by the municipal court . . . in the above entitled cause be and the same are (is) hereby affirmed, . . . ''

Section 577 of the Code of Civil Procedure defines a judgment as the final determination of the rights of the parties in an action or proceeding.

· **[1]** The form of the judgment is of no consequence so long as it may be ascertained therefrom what rights, if any, of the respective parties in the action have been determined by the court. The test of its sufficiency must rest in its substance rather than in its form. (*Hentig* v. *Johnson,* 8 Cal. App. 221 [96 Pac. 390]; *Hoover* v. *Lester,* 16 Cal. App. 151 [116 Pac. 382]; Black on Judgments, sec. 115; Freeman on Judgments, sec. 50.)

**[2]** The judgment by the superior court was clearly sufficient in form and substance to authorize an appeal therefrom. (*Scott* v. *Larson, post,* p. 46 [255 Pac. 248].)

ı On the authority of the last-mentioned case, it is ordered that the levy of the execution by the municipal court be quashed and that pending the final decision of the appeal herein the judges and officers of said municipal court refrain and desist from the execution of the judgment.