[S. F. No. 12441. Department One.—September 17, 1928.]

BLAS PISTA, Appellant, v. MIKE RESETAR, Respondent.

198

Sullivan & Sullivan and Theo. J. Roche for Appellant.

Goodfellow, Eells, Moore & Orrick for Respondents.

PRESTON, J.—This action was instituted for the purpose of partitioning certain ranch property and determining the respective interests of the parties in and to the growing crops thereon. Upon submission of the cause after trial and with consent of all parties expressed in open court, an interlocutory decree was entered by which said property was duly partitioned and divided, 82/100ths thereof to appellant and 18/100ths thereof to respondent. Said decree further adjudged and determined that there was due, owing, and unpaid from respondent to appellant, representing appellant's 82/100ths of the income and proceeds of said real property, after deduction of taxes, expenses, etc., the sum of $9,840. Thereafter final decree was duly entered, partitioning said real property as aforesaid, and further adjudging that the sum of $575.13 was due from appellant to respondent, covering the value of taxes advanced and certain improvements made by respondent on appellant's portion of said land subsequent to rendition of the interlocutory decree. Said final judgment also declared "nothing herein provided or contained shall or does in any way affect the provisions of paragraph 5 of the interlocutory decree . . . wherein it is adjudged and determined that there is due, owing, and unpaid from said defendant . . . to . . . plaintiff . . . $9,840, which provision, in said interlocutory decree, notwithstanding any of the provisions of this final decree, shall remain in full force and effect."

No appeal was taken either from said interlocutory decree or from said final decree, and pursuant thereto respondent duly paid to appellant said sum of $9,840, less said sum of $575.13. Appellant, however, claimed interest upon said $9,840 from the date of the filing of said interlocutory decree to date of payment to him thereof, and made demand therefor, which was refused. He thereupon made a motion for an order directing that execution issue against respondent's property to enforce payment of said interest, which motion was denied. From the order denying it this appeal is prosecuted.

The facts are undisputed. The question is whether appellant is entitled to interest upon the money award of $9,840 made by said interlocutory decree from the filing date thereof and prior to entry of any final judgment in this action. We think that he is.

■ An interlocutory decree in an action for the partition of real property, although preliminary to the final judgment of confirmation, is conclusive as to the matters determined therein (*Thompson* v. *White,* 76 Cal. 383, 384 [18 Pac. 399]; 20 Cal. Jur., sec. 56, pp. 642, 643); that is, it is final upon the questions adjudicated in it and is to all intents and purposes a final judgment from which an appeal may be taken (sec. 963, Code Civ. Proc., subd. 3), although it is not the last judgment entered in the action. See *Sharon* v. *Sharon,* 67 Cal. 185, 195, 196 [7 Pac. 456, 635, 8 Pac. 709], where the court had under consideration the question of whether an order for the payment of alimony and counsel fees was in the nature of a final judgment. The above subject is fully discussed there and the language of that opinion is equally applicable to an interlocutory decree of the character of the one here before us. (See, also, *Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 484, 491 [114 Pac. 838], and cases therein cited; *Los Angeles* v. *Los Angeles C. Water Co.,* 134 Cal. 121, 122, 123 [66 Pac. 198], and cases therein cited.) ■ Said interlocutory decree being in the nature of a final judgment, appellant was entitled to enforce payment thereof, with interest upon the award, in the same manner as if said judgment had been rendered in an ordinary action for the recovery of a specific sum of money. (See sec. 1035 and sec. 681 et seq., Code Civ. Proc.),

■ Conceding the finality of said interlocutory decree, respondent nevertheless questions the sufficiency of the wording of the clause which finds due, owing, and unpaid from respondent to appellant said sum of $9,840, to constitute a valid award. It is unnecessary to set forth here the exact wording of the provision in question. In substance it decrees to appellant from respondent said sum, and that such was its true intent and meaning is confirmed by the clause hereinabove quoted from the final judgment declaring that nothing in said final judgment shall in any way affect the adjudication made by said interlocutory decree as to said $9,840. ■ "The form of the judgment is of no consequence so long as it may be ascertained therefrom what rights, if any, of the respective parties in the action have been determined by the court. The test of its sufficiency must rest in its substance rather than its form. (*Hentig* v. *Johnson*, 8 Cal. App. 221 [96 Pac. 390]; *Hoover* v. *Lester*, 16 Cal. App. 151 [116 Pac. 382]; Black on Judgments, sec. 115; Freeman on Judgments, sec. 50.)" (*Welch* v. *Reese*, 82 Cal. App. 27 [255 Pac. 250]; see, also, *Hentig* v. *Johnson*, 8 Cal. App. 221, 224, 225 [96 Pac. 390].)

That appellant is equitably entitled to payment of said interest cannot be doubted. Said sum of $9,840 was declared by said interlocutory decree to be then due, owing, and unpaid, and respondent had no right to its retention and use after the entry of said decree without payment of interest thereon (sec. 3302, Civ. Code; *Gray* v. *Bekins*, 186 Cal. 389, 399 [199 Pac. 767], and cases therein cited).

Order reversed.

Seawell, J., and Curtis, J., concurred.