[Civ. No. 1069. Fourth Appellate District.—November 14, 1933.]

VAL A. TURNER et al., Respondents, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Defendants; THEOLINDA MARGARETTA DEACON, Appellant.

Henry C. Gardiner and Wright & McKee for Appellant.

Joseph H. Egermayer and D. L. Ault for Respondents.

JENNINGS, J.—Plaintiffs instituted this action for the purpose of quieting their title to certain real property in the city of San Diego which they had purchased at a commissioner's sale made in accordance with a court decree rendered in a partition action. For the sake of convenience, the property, the title to which is the subject of the present litigation, will hereafter be called the Ivy Apartments. Upon the conclusion of the trial of the issues presented by the pleadings the court rendered judgment in favor of plaintiffs adjudging that the adverse claims of the defendants were invalid and declaring plaintiffs to be the true and lawful owners of the property. From the judgment thus rendered the defendant Theolinda Margaretta Deacon has prosecuted this appeal. For its proper consideration a statement of the undisputed facts which were developed during the trial is required.

D. A. Deacon and Clara E. Deacon were at some time prior to the year 1925 husband and wife. This marital relation was dissolved. After its dissolution Clara E. Deacon brought an action in which her former husband was named as a defendant whereby she sought to obtain a partition and division of certain real property described in the complaint filed in said action among the owners thereof, according to their respective rights. Included in the real property sought to be partitioned was the property known as the Ivy Apartments. On June 11, 1925, a notice of *lis pendens* in the aforesaid action was duly recorded in the office of the county recorder of San Diego County. This notice stated that the partition action had been commenced and contained a legal description of the property affected thereby which it was declared was located in San Diego County. Included in the property described in said notice was the property known as the Ivy Apartments. The partition suit was duly tried and on April 1, 1926, the trial court made an interlocutory decree which determined the ownership of the various parties to the action in the prop-

erty described in the pleadings. On June 29, 1926, a decree in partition based on the interlocutory decree theretofore made was signed by the court. This decree adjudged that D. A. Deacon and Clara E. Deacon were the owners of an undivided one-half interest in the Ivy Apartments and that A. T. Roark was the owner of the remaining undivided one-half interest, which latter interest was subject to an indebtedness of $6,500, secured by a mortgage in such amount thereon, which indebtedness had been assumed by A. T. Roark and was then due and unpaid by him. It was further adjudged that the Ivy Apartments should be sold and the proceeds divided among the above-named owners as directed in the decree. It was, however, provided that the aforesaid property should not be sold unless a specified price could be obtained therefor. The decree contained a further provision for the payment of specified attorney's fees to designated attorneys. The defendant D. A. Deacon appealed from the decree thus rendered. The appeal resulted in a partial affirmation of the judgment. The single particular in which a reversal was ordered related to the provision fixing attorney's fees, which was alone remanded to the trial court for further proceedings. The provision limiting the sale price was ordered stricken from the decree, but it was expressly decided that the presence of this limitation did not constitute sufficient reason for the reversal of the judgment (*Deacon* v. *Deacon*, 101 Cal. App. 195, 203 [281 Pac. 533]).

Upon the filing of the *remittitur* the trial court took further proceedings in conformity with the opinion rendered on appeal and thereafter made its supplemental decree wherein it was recited that, in accordance with the prior decree in partition, a sale of the property had been made by the commissioner appointed for the purpose, at which sale Val Turner was the purchaser and that said purchaser moved that the sale be vacated and the plaintiff Clara E. Deacon and the intervener, A. T. Roark, consented to the granting of the motion and the defendant Daniel A. Deacon submitted the motion without argument. It was then ordered that the prior sale be vacated and a commissioner was appointed to make a sale of the property. An order confirming the sale of the Ivy Apartments was thereafter duly made by the court. This order recites that

at the sale Val A. Turner submitted the highest bid for the said property and the property was accordingly sold to him for the price of $8,000 subject to confirmation by the court. The court's order approved the sale and ordered the commissioner to execute a deed to the property upon payment of the full purchase price and that the purchaser be given possession of the premises. A deed was thereupon executed by the commissioner in which Val A. Turner was named as the grantee.

In the meantime on February 18, 1925, D. A. Deacon was married to Theolinda Margaretta Deacon (appellant herein) and on August 26, 1926, he executed and delivered to his wife a promissory note made payable to her in the amount of $8,000 and as security for its payment he executed a real property mortgage on the Ivy Apartments. This mortgage was duly recorded on the date of its execution.

On October 29, 1926, A. T. Roark, who had formerly been adjudged to be the equitable owner of an undivided one-half interest in the Ivy Apartments by a decree which had become final and who had paid the indebtedness secured by a mortgage on said property, executed a grant deed whereby he conveyed an undivided one-half interest in the said property to Val A. Turner. Turner and his wife thereupon instituted an action against Theolinda Margaretta Deacon whereby they sought to quiet their title to an undivided one-half interest in said property. The defendant in said action contended that the mortgage which was executed by D. A. Deacon on August 26, 1926, to secure payment of the note for $8,000 in which she was named as payee constituted a valid lien upon the whole property including the one-half interest therein claimed by the plaintiffs in said action. This contention did not prevail and the trial court made its decree quieting the title of the Turners to an undivided one-half interest in the property. The defendant in said action, Theolinda Margaretta Deacon, appealed from the judgment thus rendered. Her appeal was unsuccessful and the judgment was affirmed (*Turner* v. *Deacon,* 106 Cal. App. 329 [289 Pac. 179]).

The principal contention advanced by the appellant in support of her appeal in the instant action is that it

was adjudged in the prior action in which she was the defendant (*Turner* v. *Deacon, supra*) that her mortgage constituted a valid lien upon an undivided one-half interest in the Ivy Apartments and therefore that the judgment from which this appeal has been taken which quiets the title of respondents to the whole of said property and adjudges that her claim based on the aforesaid mortgage is invalid is erroneous. The contention is entirely lacking in merit. This is obviously true because the fundamental premise upon which the whole contention rests is incorrect. This basic premise is that it was decided in *Turner* v. *Deacon, supra,* that the lien of her mortgage was valid as to an undivided one-half interest in the property. It was not there so decided. The opinion in that case states clearly that the action had been brought by the plaintiffs therein to quiet their title "to an undivided one-half interest" in the property and that the defendant therein, who is the appellant in this action, contended that her mortgage was a valid lien upon the whole property. It was decided that her mortgage was not a valid lien upon the interest claimed by plaintiffs in said action and consequently that the judgment of the trial court quieting the title of the plaintiffs against her claim was correct. There is nowhere to be found in the opinion any suggestion that appellant's mortgage was valid as to the remaining one-half interest in the property. It was not discussed since it was neither necessary nor proper to the question there involved. The judgment in this former action cannot, therefore, be relied upon as an adjudication of appellant's rights nor can it be urged as an estoppel to the claims of respondents.

The elimination of appellant's claim that the judgment in the former quiet title action instituted by respondents against appellant constituted an adjudication that her mortgage was a valid lien upon an undivided half interest in the property leaves slight basis for her complaint that the trial court erred in failing to mention her mortgage in its decree in the present action. As hereinabove noted, when the partition suit was filed by Clara E. Deacon a notice was duly recorded which stated that such an action had been commenced and that one of the parcels of property affected thereby was the very property upon which appellant subsequently accepted a mortgage. The filing of the *lis*

*pendens* constituted constructive notice to all the world in the manner expressly provided by statute that an action had been commenced which directly affected the title to the property described in the notice (*Moore* v. *Schneider,* 196 Cal. 380, 392 [238 Pac. 81]). When appellant accepted the mortgage, therefore, she did so with notice that a partition suit seeking division of the very property covered by the mortgage had been instituted. More than this, the partition action had proceeded to trial, and more than four months prior to the execution of the mortgage an interlocutory decree determining the ownership of the various parties to the action in the very property covered by the mortgage had been made by the court. This interlocutory decree, though preliminary to the final judgment of confirmation, was conclusive as to the matters therein determined (*Pista* v. *Resetar,* 205 Cal. 197 [270 Pac. 453]). One of the matters which was certainly determined by the interlocutory decree in the partition suit was 'title to the Ivy Apartments. It was thereby adjudged that A. T. Roark was entitled to a one-half interest in the property subject to a specified contingency and that Clara E. Deacon and Daniel A. Deacon were owners as tenants in common of the remaining one-half interest therein. When appellant accepted the mortgage, therefore, she did so with full notice that the mortgagor was not the owner of the fee title to the whole of the property covered by the mortgage, but that he was merely an owner as tenant in common with his former wife of an undivided one-half interest in the property. Furthermore, almost two months prior to the execution of the mortgage upon which appellant relies, a final decree in the partition suit had been entered wherein it was expressly adjudged that the premises known as the Ivy Apartments could not be divided equitably in kind and it was accordingly ordered that the property be sold and the proceeds distributed as provided in the decree. When appellant accepted the mortgage upon the Ivy Apartments, therefore, she did so with full notice of the' fact that it had been judicially determined that the very property covered by the mortgage should be sold and the proceeds applied as specified in the final decree in the partition suit. There can be no pretense that any prejudice resulted to the appellant by the proceedings taken in the partition

action, since at no time during its pendency did she have any claim or interest of any character in the property nor did she at any time assert any. It is, however, stated that since an appeal was taken from the final decree in the partition suit, the judgment therein did not become final until the determination of the appeal and it is further declared that the judgment was reversed on appeal. This latter declaration is by no means correct. As hereinabove noted, the judgment was in all respects affirmed except that the limitation as to the price for which the property could be sold was ordered stricken from the decree, it being expressly stated that this limitation, though improper, did not constitute sufficient ground for reversal of the judgment. The only part of the judgment which was reversed was the purely incidental provision which fixed attorney's fees in a specified amount to be paid to designated attorneys. This portion only of the judgment was remanded for further proceedings in the trial court. Upon affirmation, therefore, the judgment in the partition suit became final as to the adjudication that the property be sold and the proceeds distributed as ordered. The record further shows that during the pendency of the appeal a sale of the property was made in conformity with the final decree in the partition action and that the respondent, Val A. Turner, had become the purchaser of the property at such sale. Upon the filing of the *remittitur* the aforesaid purchaser moved the court that the sale be vacated and a new sale ordered, which motion was granted. This action on the part of the trial court afforded to appellant ample opportunity to protect whatever equity she had in the property.

It is said that the fact that respondents who owned a half interest in the property and who submitted a bid of $14,000 at the first partition sale consented that this sale be vacated and that a second sale be made at which they bid only $8,000 for the same property is almost conclusive evidence that respondents knew that appellant's mortgage was a valid lien against the property. No argument is advanced in support of this rather naive statement. The fact of the validity or invalidity of a lien claimed to exist by virtue of the execution of the mortgage could not possibly be affected by respondents' knowledge that the mortgage con-

stituted a valid lien. In other words, if the lien was in fact invalid it can hardly be maintained that respondents knew it was valid.

▋ It is also said that respondents failed to obey the mandate of section 762 of the Code of Civil Procedure whereby they are now estopped from claiming that they purchased the property free from the lien of appellant's mortgage. Section 762 is one of the sections included in chapter IV of title X of the code. The subject of the chapter is "Actions for Partition of Real Property", and in it is set forth the procedure by which the division of real property among cotenants may be effected. Section 761 provides that when it appears to the court "that there are outstanding liens . . . which existed and were of record *at the time of the commencement of the action,* and the persons holding such liens are not made parties to the action" (italics ours) the court must either order such persons to be made parties or appoint a referee to ascertain whether such liens have been paid, etc. Section 762 then provides that "the plaintiff must cause a notice to be served, a reasonable time previous to the day for appearance before the referee appointed as provided in the last section, on each person having outstanding liens of record, who is not a party to the action, to appear before the referee at a specified time and place, to make proof, by his own affidavit or otherwise, of the amount due, or to become due, contingently or absolutely thereon. . . . " It is obvious that the latter section is to be construed and read with the former and that the lienholders who are to be given notice are the holders of liens "which existed and were of record at the time of the commencement of the action". ▋ Appellant was not such a lienholder and was not therefore entitled to notification. The referee mentioned in the above-mentioned sections of the code is an individual who is appointed to ascertain certain facts and to report his findings to the court. The record herein shows that such a referee was appointed and that he made and reported his findings, which were expressly approved as modified and amended by the court and adopted by the court in its final decree in the partition action almost two months before the mortgage was executed upon which appellant relies. When the referee

made his investigation, therefore, the mortgage was not in existence and appellant was not then claiming to be the holder of a lien upon the property.

■ One further point remains to be considered. Appellant contends that in her cross-complaint in the present action she demanded a personal judgment against her husband, D. A. Deacon, for the amount of the note and for attorney's fees as therein provided and that the failure of the court to include in the judgment rendered in the present action an adjudication that she is entitled to recover the amount demanded, D. A. Deacon, having been served with summons upon the filing of her cross-complaint and having defaulted, necessitates a reversal of the judgment. It is urged that this must be so because the note provided for the payment of reasonable attorney's fees and the determination of reasonable attorney's fees requires the taking of additional evidence.

This contention is also lacking in merit. It is true that the statute by virtue of which the present action was instituted is most comprehensive and that it has been held that the object of an action to quiet title is finally to settle and determine, as between the parties, all conflicting claims to the property in controversy and to decree to each such interest or estate as he may be entitled to have (*Peterson* v. *Gibbs*, 147 Cal. 1 [81 Pac. 121, 109 Am. St. Rep 107]).

■ Nevertheless, the scope of the action is limited to a determination of conflicting claims to the very property in controversy and when this determination has been achieved the object of the action is consummated. It is our opinion that the court is not required in such an action to adjudicate a demand for a personal judgment made by the cross-complaint of a defendant against an individual who was not made a party to the original action.

■ The defendant Theolinda Margaretta Deacon has also attempted to appeal from an order of the trial court denying her motion for a new trial. Since this is not an appealable order, the attempted appeal therefrom is dismissed.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1934.