**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FALCK NORTHERN CALIFORNIA
CORP.; FALCK ROCKY MOUNTAIN,
INC.; FALCK MOBILE HEALTH CORP.,
DBA Care Ambulance Service, Inc.;
CARE AMBULANCE SERVICE, INC.;
FALCK USA, INC.,
        *Plaintiffs-Appellees*,

v.

SCOTT GRIFFITH COLLABORATIVE
SOLUTIONS, LLC, DBA SG
Collaborative Solutions, LLC,
        *Defendant-Appellant.*

No. 21-15754

D.C. No.
4:19-cv-08171-
SBA

OPINION

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted January 12, 2022
San Francisco, California

Filed February 10, 2022

Before: Ronald M. Gould, Mark J. Bennett, and
Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

### SUMMARY[*]

#### Interlocutory Appeal / Mootness

The panel dismissed as moot Scott Griffith Collaborative Solutions, LLC's appeal of the district court's order denying its motion to dismiss plaintiff's First Amended Complaint under California's Anti-Strategic Litigation Against Public Participation ("Anti-SLAPP") rule.

The district court denied Griffith's motion to strike and dismissed based on its conclusion that Texas choice-of-law rules applied; and granted plaintiff's motion for leave to amend.  Plaintiff filed a Second Amended Complaint. Griffith moved to dismiss the Second Amended Complaint, and appealed the order denying its Anti-SLAPP motion to strike the First Amended Complaint.

The panel held that Griffith's appeal was moot because it could no longer grant any effective relief on the First Amended Complaint. Griffith has not appealed the district court's decision to allow the Second Amended Complaint. And Griffith did not appeal the denial of the motion to dismiss the First Amended Complaint until the Second Amended Complaint had been filed.  The Second Amended Complaint made the First Amended Complaint no longer operative.  The panel rejected Griffith's argument that the panel could grant effective relief because the First Amended Complaint was substantially the same as the Second Amended Complaint.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Bruce L. Campbell (argued), Miller Nash LLP, Portland, Oregon; Nicole M. McLaughlin, Miller Nash LLP, Long Beach, California; for Defendant-Appellant.

Faisal M. Zubairi (argued) and Bryan Martin McGarry, Dorsey & Whitney LLP, Costa Mesa, California, for Plaintiffs-Appellees.

**OPINION**

R. NELSON, Circuit Judge:

Scott Griffith Collaborative Solutions, LLC, seeks interlocutory review of the district court's order denying its motion to dismiss Plaintiffs' First Amended complaint. But the same order also allowed Plaintiffs to amend their complaint, and they filed their Second Amended Complaint before this appeal was filed. Because the amended complaint supersedes the complaint at issue on appeal, we dismiss this interlocutory appeal as moot.

I

Falck USA, Inc. ("Falck"), is the parent company of several subsidiaries that provide emergency medical care. A Falck subsidiary contracted with Scott Griffith Collaborative Solutions, LLC ("Griffith"), for consulting services. Griffith authorized the subsidiary to use Griffith's proprietary information to support its emergency medical services bids. A few years later, Griffith sent a cease-and-desist letter to Falck, claiming that Falck had used Griffith's proprietary information without consent. Falck claimed that its use was authorized because its contracted subsidiary was included on

its proposed bid.  Griffith also shared its cease-and-desist letter with Falck's competitor, who sent the letter to local media.

Griffith sued Falck for intellectual property infringement and unfair competition in California, nine hours before Falck sued Griffith for defamation and breach of contract in Texas. The Texas court transferred Falck's suit to California under the first-to-file rule.  The cases were consolidated in California, where Griffith moved to strike and dismiss the defamation claims in Falck's First Amended Complaint under California's Anti-Strategic Litigation Against Public Participation ("anti-SLAPP") rule.  *See* Cal. Civ. Proc. § 425.16.  Falck later moved to amend its complaint.

The district court denied Griffith's motion to strike and dismiss, concluding that Texas choice-of-law rules should apply.  In the same order, the court granted Falck's motion for leave to amend.  Falck filed a Second Amended Complaint the next week.  Griffith moved to dismiss Falck's Second Amended Complaint and, one week later, appealed the order denying its anti-SLAPP motion to strike the First Amended Complaint.[1]

## II

"Without jurisdiction the court cannot proceed at all." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted).  So we "must independently ascertain whether we have jurisdiction to

---

[1] Griffith argues we have jurisdiction under the collateral order doctrine to review the district court's denial of a California anti-SLAPP motion, even though the order only addressed choice-of-law and granted leave to amend.  Because we dismiss this appeal as moot, we need not decide this issue.

entertain an appeal." *Bagdasarian Prods., LLC v. Twentieth Century Fox Film Corp.*, 673 F.3d 1267, 1270 (9th Cir. 2012) (citation omitted). We review our own jurisdiction de novo. *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021).

We may hear appeals from all "final decisions" of the district court under 28 U.S.C. § 1291. But "[s]o long as the matter remains open, unfinished[,] or inconclusive, there may be no intrusion by appeal." *Bagdasarian*, 673 F.3d at 1270 (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1016–17 (9th Cir. 2012) (citation omitted).

After Griffith moved to strike the defamation claims in Falck's First Amended Complaint, Falck filed their Second Amended Complaint. Griffith has not appealed the district court's decision to allow the Second Amended Complaint. And Griffith did not appeal the denial of the motion to dismiss the First Amended Complaint until the Second Amended Complaint had been filed. The amended complaint made the First Amended Complaint no longer operative. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect."); 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476 & n.1 (3d ed. 2005) (an amended pleading "supersedes the pleading it modifies" and "becomes the operative complaint," and "the original pleading no longer performs any function in the case"). Thus, Griffith's appeal is moot because we can no

longer grant any effective relief on the First Amended Complaint. *See Grand Canyon Tr.*, 691 F.3d at 1016–17.

Griffith argues that we could grant effective relief because Falck's First Amended Complaint is substantively the same as its amended complaint. But the complaint challenged on appeal is a legal nullity even if much like the operative complaint. Efficiency is no basis to provide appellate jurisdiction over an appeal that is moot. So Griffith's interlocutory appeal is

**DISMISSED AS MOOT.**