Tripathy v. McClowski

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-two.

PRESENT:
> **ROSEMARY S. POOLER,**
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**SANJAY TRIPATHY,**

> *Plaintiff-Appellant*,

> **v.**                                                              **21-3094**

**ROBERT MCCLOWSKI, Food Services Administrator, Fishkill, SHARON FROST, DS, Administration, Fishkill CF, GEORGE J. DASH, Father & Coordinating Chaplain, Fishkill CF, EDWARD BURNETT, Superintendent, Fishkill CF, P. DOLAN, DSA Administration, Gowanda CF, Harris Reverend, Coordinating Chaplain, Gowanda, ANDREA N. SCHNEIDER, Superintendent, Gowanda CF, STEPHEN BRANDOW, Deputy Commissioner, Admin., JEFF MCKOY, Deputy Commissioner Programs DOCCS, ANTHONY J. ANNUCCI, Commissioner, DOCCS, ANDREW M. CUOMO, Governor of the State of New York, STATE OF NEW YORK,**

*Defendants-Appellees*,

**DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,**

*Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Sanjay Tripathy, pro se, Collins, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Solicitor General, Matthew W. Grieco, Senior Assistant Solicitor General, Elizabeth Brody, Assistant Solicitor General of Counsel, for Letitia James, Attorney General, State of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED AS MOOT**.

Appellant Sanjay Tripathy is an inmate in the custody of the State of New York who practices Hinduism. In conformance with his Hindu beliefs, he asserts that he cannot consume or come into "close personal contact" with beef or pork. Dist. Ct. Dkt. 1 at 13. He filed a complaint against Appellees seeking injunctive relief and damages under 42 U.S.C. § 1983 for their alleged violations of his rights under the Religious Land Use and Institutionalized Persons Act of 2000

2

("RLUIPA"), 42 U.S.C. § 2000cc, as well as the First and Fourteenth Amendments to the U.S. Constitution, because Appellees allegedly refused to serve him meals that were prepared without possible contamination with beef. Tripathy sought an injunction requiring Appellees to "remov[e] . . . all beef products being served in [any] inmate Messhall [statewide], or . . . have segregated facilities (operations), wherein beef and pork products are served to the general population, while in another way [sic] no beef and no pork products are served to other inmates." Dist. Ct. Dkt. 1 at 38. He later clarified how Appellees' policies allegedly required him to come into close contact with beef:

> [As a practicing Hindu], one of [Tripathy's] core and sincerely held religious beliefs is neither to consume nor come in any close contact with beef products. When beef food products are served to inmates in the inmate Messhall they are cooked in the same kitchen, by the same cooks, served in the same utensils, and served in the same food line with all other products including vegetarian food, thus splashing across other foods (all food is kept, served, and consumed i[n] such close proximity that cross contamination is not avoidable) and products thus contaminat[e] all items, which now need[] to be consumed by petitioner.

Dist. Ct. Dkt. 47 at 4.

Tripathy proceeds pro se and appeals the district court's December 6, 2021 order that denied in part and granted in part his motion for a preliminary injunction to require Appellees to stop serving beef in all facilities statewide or to provide segregated dining facilities. Specifically, the district court found that although Tripathy demonstrated irreparable harm, he demonstrated only that his RLUIPA claim is likely to succeed on the merits. And even so, the district court found that the equities tip in favor of Appellees because Tripathy's requested "forms of relief are extreme and would have a drastic and immediate impact on the architecture, security, administration, and finances of the entire DOCCS system, or at least of the entirety of the facility

3

in which [Tripathy] resides." Dist. Ct. Dkt. 78 at 22. The district court thus denied Tripathy's motion for a preliminary injunction in part, but, in accordance with a request Tripathy made in his reply brief, the court ordered Appellees to designate "officials with the power to implement an appropriate religious accommodation for [Tripathy] . . . to confer with [him] on a viable accommodation of his religious dietary restrictions." *Id*. at 23. Tripathy appealed the district court's order on December 21, 2021 and later updated the district court that he was not satisfied with the outcome of the conferences. Then on April 7, 2022, Tripathy amended his complaint and requested different injunctive relief:

> Defendants to source Petitioner's food [3 meals/day till his release from DOCCS] from a kitchen that does not deal in Beef/Pork [like the Kosher kitchen for Muslims/Jews that does not deal in Pork] as a pre-packaged [sealed in tamper-proof packaging] meal;
>
> This pre-packaged meal to be delivered directly to Petitioner in his Dorm [housing location] where he can use the available kitchen facilities [including but not limited to microwave, toaster, hot-pot, toaster oven and if available full kitchen facilities] to warm [prep] and consume this food.

Dist. Ct. Dkt. 108 at 26 (brackets in original). He also requested "Final Relief" of "[e]ither beef food products to be fully removed from DOCCS food menu state-wide" or "[l]ong-term segregated [kitchen and messhall] for general population and for inmates with religious beliefs." *Id*. (brackets in original). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack jurisdiction to review Tripathy's interlocutory appeal of the district court's December 6, 2021 order because it is moot. After filing his notice of appeal on December 21, 2021, Tripathy amended his complaint on April 7, 2022 to request new injunctive relief. *See id*. This rendered Tripathy's original complaint inoperative and his appeal of the district court's denial

4

of a preliminary injunction that he requested in the original complaint moot. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect."); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1476 (3d ed.) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."); *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 766 (9th Cir. 2022) (recognizing that an original "complaint challenged on appeal is a legal nullity even if much like the operative complaint" because it "is moot"); *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 675 (7th Cir. 2019) (recognizing that an amended pleading moots a pending interlocutory appeal if the amendment "affected the substantive basis for the district court's order" that is the subject of the interlocutory appeal). Although Tripathy requests the same injunctive relief in his amended complaint that he requests on appeal, the district court has not yet considered whether that newly requested injunctive relief is appropriate, so there is no decision for Tripathy to appeal at this time.

Accordingly, we dismiss this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5