

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY P. DEMARTINI; MARGIE DEMARTINI, | Nos. 19-16603 |
| | 19-16940 |
| Plaintiffs-Appellants, | |
| | D.C. No. |
| v. | 2:14-cv-02722-JAM-CKD |
| MICHAEL J. DEMARTINI; RENATE DEMARTINI, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 18, 2023
San Francisco, California

Before: S.R. THOMAS and BENNETT, Circuit Judges, and MOSKOWITZ,[**]
District Judge.
Dissent by Judge BENNETT.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Plaintiffs Timothy and Margie Demartini (Timothy) appeal from district court orders denying attorney's fees and denying reconsideration of that denial. Timothy argues he is entitled to attorney's fees from Defendants Michael and Renate DeMartini under Cal. Civ. Proc. Code § 874.040, which provides for the apportionment of costs of partition among the parties in a partition action. "Jurisdictional bars . . . 'may be raised at any time' and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 143 S. Ct. 870, 876 (2023) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). "We review our own jurisdiction de novo." *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022). Because the parties are familiar with the factual and procedural history of the case, we discuss that history only as necessary. We dismiss the appeals for lack of jurisdiction.

1. "[W]e ordinarily have jurisdiction over appeals from final decisions of the district courts." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 896 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Cunningham v. Hamilton County*, 527 U.S. 198, 200 (1999)); 28 U.S.C. § 1291. A final judgment "end[s] the litigation on the merits and leave[s] nothing for the court to do but execute the judgment." *Am. Ironworks*, 248 F.3d at 897 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In this vein, "[a]n interlocutory

2

order becomes appealable [only] when final judgment is entered." *Id.* Before final judgment, however, we may review a "collateral order" which "conclusively determines a disputed issue that is separate from the merits and effectively unreviewable upon final judgment." *AdTrader, Inc. v. Google LLC*, 7 F.4th 803, 808 (9th Cir. 2021).

Here, there has been no final decision of the district court to vest us with jurisdiction. The district court explicitly labeled the partition order an "interlocutory judgment." Moreover, the partition order did not "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Am. Ironworks*, 248 F.3d at 897 (citation omitted). For example, the partition order granted partition, but it did not decide exactly which parties would be entitled to which portion of the property. That is analogous to deciding liability and announcing that damages was the appropriate remedy but leaving it for another day to determine the amount of damages. That would not be a final appealable order. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (explaining that judgments on liability are interlocutory and "have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291" if "assessment of damages or awarding of other relief remains to be resolved"). The district court's order finding that the partition order was a final judgment does not mandate otherwise because

3

federal law determines federal jurisdiction, and we review our jurisdiction de novo. *See Falck*, 25 F.4th at 765; *see also Parsons v. Ryan*, 912 F.3d 486, 503 (9th Cir. 2018) (reviewing de novo whether an order was a final judgment).

Nor does *Sekaquaptewa v. MacDonald* require a contrary result. 575 F.2d 239 (9th Cir. 1978). There, pragmatic concerns and Congressional direction compelled us to conclude that a partition order was a final decision. *See id.* at 242. The Hopi and Navajo tribes had disputed their respective rights to the roughly 2,500,000 acres in controversy for almost one hundred years, during which all three branches of the federal government had sought to resolve the conflict. *Id.* at 240–41. In 1974, Congress instructed the district court "to make a final adjudication, including partition" of the disputed area if the latest round of negotiations failed. *Id.* at 241. The court's partition order "depriv[ed] the Navajo of the right to possess and use almost one million acres of land previously open to them," and the Navajo argued the partition was an abuse of discretion. *Id.* at 241, 243. And at the time of our decision, "[r]elocation of the Navajos [then] in Hopi territory [was] in process." *Id.* at 243. We therefore determined that "the hardships of relocation [would] be exacerbated, not eased, by a refusal to undertake immediate review," so "the judgment of partition [was] sufficiently 'final' to be appealable under Section 1291." *Id.*

The same pragmatic and Congressional concerns do not exist here.  Timothy seeks attorney's fees in this action.  While this property dispute is almost ten years old, put bluntly, the hardships and stakes which recommended finality in *Sekaquaptewa* are not present.  *See id.*  Nothing in the record before us demonstrates that delay will "exacerbate" circumstances.  *See id.  Sekaquaptewa* therefore does not demand a contrary result.

2.      The district court's orders denying fees and reconsideration are also not collateral orders which we may review before final judgment.  "[A] party may appeal interlocutory orders" like these "after entry of final judgment because those orders merge into that final judgment." *Am. Ironworks*, 248 F.3d at 897–98.  The orders denying fees and reconsideration are therefore not "unreviewable upon final judgment." *AdTrader*, 7 F.4th at 808.

**DISMISSED.**



*DeMartini v. DeMartini*, Nos. 19-16603, 19-16940
BENNETT, Circuit Judge, dissenting:

I respectfully dissent because I believe we have jurisdiction over the consolidated appeals. I would affirm the district court's order dismissing Appellants' attorneys' fee motion as untimely, and I would also affirm the district court's order denying Appellants' motion for reconsideration (though on a different ground than that relied upon by the district court).

**I.**

On September 15, 2014, Timothy and Margie DeMartini ("Timothy and Margie" or "Appellants") sued Michael and Renate DeMartini ("Michael and Renate" or "Appellees") over commercial property located in Grass Valley, California. *See DeMartini v. DeMartini*, 964 F.3d 813, 816 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 92 (2021). Timothy and Margie's causes of action were divided. In 2017, their partnership dissolution claim was severed and remanded to state court. *See id.* at 817. Their contract claim was tried to a jury on April 16, 2018,[1] and the district court held a bench trial on their partition claim on April 17 and 18, 2018. On May 30, 2018, and pursuant to Federal Rule of Civil Procedure 52(a), the district court entered findings of fact, conclusions of law, and interlocutory

---

[1] The district court issued a judgment on this claim on May 4, 2018, pursuant to Federal Rule of Civil Procedure 54(b). We reversed and remanded for a new trial. *See DeMartini v. DeMartini*, 833 F. App'x. 128, 132 (9th Cir. 2020).

1

judgment on the partition claim ("May 30, 2018 Judgment" or "Judgment").  The May 30, 2018 Judgment ordered that the Grass Valley property "shall be partitioned in kind and divided between Plaintiffs and Defendants in proportion to their fifty percent interest in the property.  The property shall be divided into a northern subdivision and a southern subdivision."  The Judgment ordered Michael DeMartini to submit a proposed plan for subdivision by June 30, 2018, and stated that the partition in kind "must be completed no later than [June 30, 2019] or the Court will appoint a referee to carry out its Order."  On June 30, 2018, Michael and Renate filed a proposed subdivision plan, and on July 30, 2018, Timothy and Margie opposed the plan.

On July 31, 2018, the district court issued a minute order noting that "Defendants expressed an interest in buying out the Plaintiffs['] interest in the property at an appraised value" and ordering the parties to confer regarding an agreement to partition by appraisal.  On August 22, 2018, the court issued a minute order noting that the parties had not filed the required written agreement to partition by appraisal, agreeing with Timothy and Margie that Michael and Renate's submitted proposed partition plan was "insufficient," and ordering the parties to submit the names of potential referees.  On November 27, 2018, the court

authorized Partition Referee Charles Farrar to oversee the physical partition of the property.[2]

On May 10, 2019, Timothy and Margie filed a motion for attorneys' fees "pursuant to California Code of Civil Procedure section 874.040 which governs the apportionment of costs, including attorneys' fees, in a partition action." On July 17, 2019, the court denied the motion as untimely based on the Local Rules of the Eastern District of California, finding that there was "nothing left for [it] to adjudicate" after the May 30, 2018 Judgment, and therefore any motion for an award of attorneys' fees was untimely after June 27, 2018.[3] On August 28, 2019, the district court denied Timothy and Margie's motion for reconsideration because it found the motion failed to comply with a prior order regarding filing requirements.

---

[2] The process of partition is on hold pending decision of this court. On October 18, 2019—five months after Timothy and Margie filed the relevant motion for attorneys' fees—Referee Farrar issued a report containing recommendations on partition. The parties responded to the report with briefing. On February 7, 2020, the district court issued a minute order stating that its authority to adopt the Referee's report "is contingent upon whether the May 30, 2018 [Judgment] amounted to a final judgment." The court's February 7, 2020 order directs the parties to file a joint status report within five days of our final decision in these appeals.

[3] As discussed below, Local Rule 293(a) states that "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment." E.D. Cal. L. R. 293(a).

## II.

Absent special circumstances, our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. As the majority correctly notes, a final decision "end[s] the litigation on the merits and leave[s] nothing for the court to do but execute the judgment." Maj. at 2 (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001)). The May 30, 2018 Judgment satisfied this requirement.[4]

It is true that the district court labeled its May 30, 2018 Judgment an "interlocutory judgment." But the use of the word "interlocutory" is not conclusive as to our appellate jurisdiction. "Appealability turns on the effect of the ruling, not the label assigned to it by the trial court." *In re Slimick*, 928 F.2d 304, 308 (9th Cir. 1990). And the district court used the word "interlocutory" as a term of art, intending it to track California law and procedures for partition actions,

---

[4] Whether the Judgment is a final order matters because an order granting or denying a post-judgment motion for attorneys' fees is an appealable final order. *See United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 954–55 (9th Cir. 1994). An order granting or denying an interim attorneys' fee petition is not. *See Rosenfeld v. United States*, 859 F.2d 717, 720 (9th Cir. 1988).

which, as explained below, treat an "interlocutory judgment in partition,"[5] as a term of art equivalent to a federal final judgment.

Under California law, partition is "the procedure for segregating and terminating common interests in the same parcel of property." 5 Miller & Starr, Cal. Real Estate (2d. ed. 1989) § 12:13, 121. "In a partition, there is no change of title between the tenants in common—it is simply a dividing up of what the parties already own. After the partition each tenant in common has exactly the same proportional interest in the property that he had prior thereto. The only difference is that now his interest is in severalty, while prior to the partition it was in common." *Rancho Santa Margarita v. Vail*, 11 Cal. 2d 501, 539 (1938).

To accommodate this form of property division, California has a series of procedural rules associated with partition. *See generally* Cal. Civ. P. Code § 872.010 *et seq.* California Civil Procedure Code § 872.720(a) declares that if a "court finds that the plaintiff is entitled to partition, it shall make an *interlocutory* judgment that determines the interests of the parties in the property and orders the partition of the property and, . . . the manner of partition." (emphasis added). The California Supreme Court has made clear that despite the use of the term

---

[5] *See, e.g.*, *Emeric v. Alvarado*, 2 P. 418, 421 (Cal. 1884); *Riley v. Turpin*, 301 P.2d 834, 834 (Cal. 1956); *Kenco Invs., Inc. v. Marsh*, No. F077602, 2020 WL 3444435, at *7 (Cal. Ct. App. June 24, 2020).

"interlocutory," an interlocutory judgment *in partition* "is conclusive as to the matters determined therein; that is, it is final upon the questions adjudicated in it and is to all intents and purposes a final judgment from which an appeal may be taken." *Pista v. Resetar*, 270 P. 453, 454 (Cal. 1928) (internal citations omitted). Under the California Civil Procedure Code, an interlocutory judgment in a partition action is an immediately appealable order. § 904.1(9); *see also Pista*, 270 P. at 453; *Stoffer v. Verhellen*, 231 P. 233, 233 (Cal. 1925) (appeal from interlocutory judgment). Any money judgment ordered in the interlocutory judgment may be enforced immediately.[6] *Pista*, 270 P. at 453. Accordingly, at the intersection between state substantive and federal procedural law, *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938), the district court properly looked to California law in determining the nature of the type of judgment it entered in a California partition action.

---

[6] California is not alone in allowing such interlocutory appeals. Hawaiʻi, for example, also does so. *See Lambert v. Teisina*, 131 Haw. 457, 462 (2014) (noting that Hawaiʻi state courts have "traditionally permitted appeals of nonfinal, interlocutory orders that command the immediate transfer of property," and "[t]hus a partition confirmation order that effectively terminates property rights is . . . appealable").

But the fact that an "interlocutory judgment" in partition is an appealable final judgment in California *state* courts does not end our inquiry.[7] The relevant federal procedural questions are as follows: Did the May 30, 2018 Judgment end the partition litigation on the merits? And was there anything for the district court to have done after the entry of that judgment other than execute the judgment (and resolve attorneys' fees and costs)?

First, the Judgment resolved the merits of the partition dispute. It was issued after a two-day bench trial, and in it, the court announced that it "hereby makes the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure." That Rule states that in an action tried without a jury, "the court must find the facts specially and state its conclusions of law separately" and that such "findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of

---

[7] Of course, we look to *federal* law to determine whether a judgment is appealable. "'Congress has undoubted power to regulate the practice and procedure of federal courts,' so, generally, if a state procedural rule conflicts with a federal procedural rule, the federal procedural rule controls." *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 584 (9th Cir. 2022) (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 9–10 (1941)). But when we are considering appealability in a diversity case, state law informs us as to the nature of the judgment, particularly when the judgment arises from a uniquely state proceeding like partition. *See, e.g.*, *RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590–92 (2d Cir. 2023) (discussing state property law in order to determine jurisdiction pursuant to 28 U.S.C. § 1291).

decision filed by the court." Fed. R. Civ. P. 52(a).[8] Moving to the substance of the

Judgment, the court found that:

    a. Plaintiffs Timothy P. and Margie DeMartini, husband and wife and as joint tenants own an undivided fifty percent interest in the Grass Valley Property, and Defendants Michael J. and Renate DeMartini, husband and wife and as joint tenants own an undivided fifty percent interest of the Grass Valley Property.

    b. No other persons have any interest in the real property. There are no liens against the property.

    c. Plaintiffs are entitled to partition.

The Judgment then moves to the manner of partition and finds that "[t]he

rectangular shape of the Property lends itself to division across the middle (west to

east), resulting in a northern subdivision and a southern subdivision of roughly

equal shape. . . . The Court therefore finds that the Grass Valley Property may be

equitably subdivided and orders partition in kind." In discussing partition in kind,

the Judgment notes that as "Michael J. DeMartini has already drafted a plan for

partitioning the property," "it would be economically advantageous to all parties in

this action to permit Michael J. DeMartini to submit a proposed plan for partition.

. . . If his proposal is not acceptable to the Court, the Court will appoint a referee to

---

[8] The Rule continues: "Judgment must be entered under Rule 58." But as discussed below, the absence of a separate Rule 58 judgment is not fatal to our appellate jurisdiction. *See infra* at 11–12.

8

divide the property." And the Judgment notes that following the order, "the parties may agree to partition by appraisal and apply to the Court for approval of the agreement." Ultimately, the May 30, 2018 Judgment concludes with the order that the Grass Valley Property "shall be partitioned in kind and divided between Plaintiffs and Defendants in proportion to their fifty percent interest in the property. The property shall be divided into a northern subdivision and a southern subdivision."

This order is a conclusive legal judgment on the merits of the partition claims brought by the Appellants. It declares each party's legal rights in the contested property and orders a remedy—partition in kind. The Judgment outlines the procedure for determining specific boundaries of the partitioned property and a course of action in the event Michael's proposed partition is not appropriate. Essentially, the only thing left was to execute the judgment by dividing the property, and as this court has held, "[a] mere ministerial order, such as an order executing a judgment . . . is not a final appealable order." *Am. Ironworks*, 248 F.3d at 898.

Considering the May 30, 2018 Judgment final is also consistent with this court's precedent. In *Sekaquaptewa v. MacDonald*, 575 F.2d 239 (9th Cir. 1978), we held that a partition judgment that was essentially "a declaration of rights to respective parcels of land," *id.* at 242 n.1, was a final, appealable order under 28

U.S.C. § 1291 even though "[t]he specific reservation of rulings, and the scheduling of further proceedings . . . by the district court suggest that the judgment of partition may be an interlocutory order, rather than the final appealable judgment," *id.* at 242.[9] The *Sekaquaptewa* order was final because it "effectively transfer[red] separate possession and use of lands previously held jointly"—even though it "[did] not direct the immediate delivery of property" and contemplated future proceedings, including a survey. *Id.* at 243. So too here. Even though the May 30, 2018 Judgment did not define the specific boundaries of the partitioned property or direct immediate delivery, its legal effect is the division of land previously held jointly into two separately held parcels. Although the Referee's final report was not filed with the district court until after Appellants filed the instant appeals, the report is constrained by the legal conclusions of the Judgment.

Likewise, in *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1101 (9th Cir. 1998), we held that appellate jurisdiction was properly exercised over foreclosure judgments that conclusively established liability for defaulted loans—even though "[t]he district court retained jurisdiction for the sole purpose of

---

[9] Noting the particular difficulty of "orders falling within the 'twilight zone of finality,'" the panel noted that "a decision is 'final' within the meaning of [28 U.S.C. § 1291] even if it is not necessarily the last order possible in a case." *Id.* (internal quotations omitted).

10

holding the Defendants personally liable for any deficiency judgment remaining after the judicial foreclosure sales." Completion of the judicial foreclosure sale was not a prerequisite for our jurisdiction; it was enough that the district court had ordered the property securing loans to be sold. *Id.* So too here. The district court has entered a judgment conclusively establishing the rights of the parties. Even if the DeMartini litigants are unable come to consensus on the appropriate boundaries of partition in kind and the relevant property must be sold, such a sale would be analogous to a judicial foreclosure sale and would not disturb our jurisdiction.

The majority disagrees, reasoning that considering the May 30, 2018 Judgment final "is analogous to deciding liability and announcing that damages was the appropriate remedy but leaving it for another day to determine the amount of damages." Maj. at 3. But there are cases in which the exact amount of money awarded in damages is uncertain but there still exists a final, appealable decision. Indeed, the Supreme Court has held that "a final judgment for money must, at least, determine, or specify the means for determining, the amount" of money awarded. *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958); *see also United States v. King Mountain Tobacco Co., Inc.*, 899 F.3d 954, 959 (9th Cir. 2018) (applying *F. & M. Schaefer*); *Lovell v. Chandler*, 303 F.3d 1039, 1049 (9th Cir. 2002) (noting that withholding appellate review in a class action "in which the only remaining issue is punitive damages . . . would create

11

unnecessary delay and uncertainty" for litigants); *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1148 (9th Cir. 2003) (holding that district court order was final despite partial remand to Department of Agriculture for mechanical recalculation of recapture amount). In this case, the district court specified the means for determining new property boundaries, and it was required to go no further. The district court merely applied California's substantive law on Timothy and Margie's California state law partition claim. It is unclear what, if anything, the district court could do at this point post-trial other than execute the judgment.

I believe it is relevant that the district court held that its May 30, 2018 Judgment *was* a final judgment. In one of the orders Timothy and Margie presently appeal, the district court denied their request for attorneys' fees for untimeliness because its "May 30 [2018] order amounted to a final judgment." The court wrote: "[T]he fact that the district court retains jurisdiction over a case does mean it has not issued a final judgment. . . . Nothing in Plaintiffs' argument identifies a claim that has yet to be resolved." Further, "the court-appointed referee is doing nothing more than 'execut[ing] the judgment.'" Though we review our own jurisdiction de novo, *Falck N. Cal. Corp. v. Scott Griffith Collaborative Solutions, LLC*, 25 F.4th 763, 765 (9th Cir. 2022), it is relevant that, according to the district court, at this stage post-trial it has "nothing . . . to do but execute the judgment." *Am. Ironworks*, 248 F.3d at 897; *see also In re Slimick*, 928 F.2d at 307

12

("A disposition is final if it contains 'complete act of adjudication,' . . . and clearly evidences the judge's intention that it be the court's final act in the matter.") (internal citation omitted). As the district court has the power to enter final judgments, its perspective on whether or not it has, in fact, issued a final judgment is relevant.

Moreover, the fact that no separate judgment was issued pursuant to Federal Rule of Civil Procedure 58 is not fatal to our jurisdiction. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003) ("neither the Supreme Court nor this court views satisfaction of Rule 58 as a prerequisite to appeal"). "Final decisions" under 28 U.S.C. § 1291 are "typically" decisions "that trigger the entry of judgment," under Rule 58. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009). That Rule requires that "every judgment . . . be set out in a separate document," and that "the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment" when it is warranted. Fed. R. Civ. P. 58(a)–(b). The May 30, 2018 Judgment warranted the issuance of a Rule 58 final judgment, but none was entered.

But, for appellate jurisdiction purposes, the absence of a separate judgment does not matter. "Although Rule 58 requires the entry of a separate document, the existence of such a document is not a prerequisite to appellate jurisdiction under § 1291." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000)

(citing *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 (1978)). "The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run." *Bankers Tr.*, 435 U.S. at 384. And "it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it." *Id.* The parties here appear to have waived the requirement of a separate judgment under Rule 58. Michael and Renate argue in their Answering Brief that the May 30, 2018 Judgment was a final judgment. And though Timothy and Margie argue the May 30, 2018 Judgment was not a "final judgment," they do not argue that we lack jurisdiction to consider the appeals *they* filed.

But it also does not matter if the parties have not waived the separate judgment requirement. Though Rule 58(a) and (b) *generally* require a separate document setting forth judgment, Rule 58(c)(2) states that in cases in which "a separate document is required," "judgment is entered":

> [W]hen the judgment is entered in the civil docket . . . and the earlier of these events occurs:
>> (A) it is set out in a separate document; *or*
>> (B) 150 days have run from the entry in the civil docket.

(emphasis added). Accordingly, under the Federal Rules, judgment was entered for the purposes of appeal on Monday, October 29, 2018, 150 days after the May 30,

2018 Judgment. As the appeals before us were not filed until 2019, there is no issue of prematureness under the Federal Rules.

### III.

Because I believe we have jurisdiction over the appeals, I would reach their merits. We review orders denying fees for an abuse of discretion. *Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2011). We also review the denial of a Rule 60(b)(1) motion for reconsideration for abuse of discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

I would reject Timothy and Margie's appeal of the district court's order denying their motion for attorneys' fees. They argue that Local Rule 293(a)—the district court's basis for denying their motion—is incompatible with the substance of the California Code of Civil Procedure sections regarding partition. But conflicts over filing deadlines are procedural, and when state and federal procedural rules conflict, "the federal procedural rule controls." *Hamilton*, 39 F.4th at 584.

The district court did not abuse its discretion in denying Timothy and Margie's motion for attorneys' fees pursuant to Local Rule 293(a), which states that "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment." *See also Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 716 (9th

Cir. 1989) (noting that the abuse of discretion standard applies to a district court's application of local rules). The May 30, 2018 Judgment finally adjudicated the parties' interest in the relevant property, and the fee petition was not filed until May 10, 2019—almost a year later. And May 10, 2019 was also far in excess of twenty-eight days after 150 days had run from the May 30, 2018 Judgment. The district court did not abuse its discretion in applying the Local Rules to determine the deadline for an attorneys' fee filing. And it was not an abuse of discretion for the district court to consider its May 30, 2018 Judgment final. The court interpreted "final judgment" in Local Rule 293(a) to mean the same thing as "final decision" in 28 U.S.C. § 1291. And because I believe the May 30, 2018 Judgment *was* a "final decision" for the purpose of § 1291, *see supra* at 4–12, I would affirm the district court's holding that Timothy and Margie's fee petition was untimely.

Moving to Timothy and Margie's appeal from the district court's rejection of their motion for reconsideration, I believe the district court erred in its reasoning. The district court denied the motion for reconsideration in a text entry that stated that Timothy and Margie had failed to comply with the Court's Order Regarding Filing Requirements. That Order reads in relevant part: "In any case where the parties are represented by counsel, counsel contemplating the filing of any motion . . . shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." While

16

Timothy and Margie—the parties who filed the motion—were represented by counsel, Michael and Renate were not represented by counsel before the district court. Thus, the Order Regarding Filing Requirements did not apply to the motion for reconsideration. But an "appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989). Because I would find that the district court did not abuse its discretion in denying Timothy and Margie's motion for attorneys' fees, I would find that the district court's error in its reasoning as to the reconsideration motion was harmless.