NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO SEGURA, Sr.,

        Plaintiff-Appellant,

  v.

TAD LARSON, Commander; MARION COUNTY SHERIFF'S OFFICE - JAIL; JOHN DOES,

        Defendants-Appellees.

No.   22-35977

D.C. No. 6:21-cv-00223-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted April 5, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Pedro Segura, Sr. appeals pro se from the district court's summary judgment for the defendants in his action under 42 U.S.C. § 1983 alleging constitutional violations in his pretrial detention. Because the facts are known to the parties, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

repeat them only as necessary to explain our decision.

## I

After the district court screened and dismissed Segura's Amended Complaint with leave to amend, Segura filed his Second Amended Complaint. The Second Amended Complaint superseded the Amended Complaint, and the Amended Complaint no longer has any legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012) (en banc). Accordingly, Segura has waived his objection to the dismissal of his Amended Complaint, and we do not consider the district court's dismissal order. *Cf. Falck N. Cal. Corp. v. Scott Griffith Collab. Sols., LLC*, 25 F.4th 763, 765-66 (9th Cir. 2022).

## II

District courts have broad discretion to oversee discovery. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Segura has not shown a "reasonable probability that the outcome would have been different had discovery been allowed," *id.*, and we conclude that the district court did not abuse its discretion in denying Segura's motions, *see also Martel v. County of Los Angeles*, 56 F.3d 993, 996 (9th Cir. 1995) (en banc).

## III

Summary judgment is appropriate when there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(a). Segura received due process before being reassigned to disciplinary segregation. Uncontroverted evidence in the record shows that Segura received written notice of hearings, had the opportunity to call witnesses, and received a written statement by the factfinder of the evidence on which it relied and the reasons for discipline. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Ashker v. Newsom*, 81 F.4th 863, 878 (9th Cir. 2023). Similarly, the record refutes Segura's challenges to the conditions of his confinement. He visited with legal professionals several times while assigned to segregation and had access to an electronic tablet for legal research. Further, he has not cited any evidence showing that he did not receive adequate medical care or was denied adequate food or hygiene.

The district court did not err in granting summary judgment on all of Segura's claims when the defendants moved for summary judgment on all claims. *See also Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010). Nor did the district court abuse its discretion by denying Segura's motion for leave to amend his complaint when amendment would have been futile. *See Ctr. for Bio. Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 955-56 (9th Cir. 2023).

We do not consider issues that were not argued specifically in the opening brief. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

**AFFIRMED.**

3